ALFRED SMITH, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. After the jury have dispersed, with the prisoner's consent, leaving the verdict with the foreman, to be returned by him into court, it is not indispensable that the prisoner should be present when the act of return takes place in pursuance of the consent; and though he

be confined in jail at the time, the verdict will not, on that account, be illegal.

2. Words or threats are not provocation sufficient to reduce a homicide to manslaughter.

3. The evidence was such as authorized the verdict, and the newly-discovered evidence was cumulative only. New trial was properly refused.

Criminal law. Practice in the Superior Court. Verdict. New trial. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1876.

Smith was charged with the commission of the offense of an assault with intent to murder. The jury found him guilty, but recommended him to the mercy of the court. He moved for a new trial, but the court overruled the motion; whereupon he excepted.

The remaining facts, so far as material, appear in the opinion.

W. A. HAWKINS; J. R. McCLESKY; SIMMONS & SIMMONS, for plaintiff in error.

C. B. HUDSON, solicitor general; B. P. HOLLIS, for the state.

BLECKLEY, Judge.

1. There was a consent for the jury to disperse after the verdict was agreed upon, and for the verdict to be returned into court by the foreman next morning. This, in effect, was to bring the trial to an end when the jury made a verdict and separated. 49 *Ga.*, 458. From that time forth, the strict legal harness was off, and the consent was to have its consequences, one of which was, that the right to poll the jury was gone. 6 *Ga.*, 458; 36 *Ib.*, 380. The waiver of that right was a necessary incident of the consent, after the jury had separated in pursuance of instructions from the court, founded on the same. It was, doubtless, an irregularity to receive the verdict in the absence of the pris-

oner. He ought to have been brought from the jail, so as to be present at the reception. But we think it was merely an irregularity, and that no matter of substance was involved. Having surrendered his right to poll the jury, no other of any value to him remained, for the exercise or protection of which his presence was important. Had he been in court, the result must have been the same as it was. Nothing took place in his absence, but the mechanical act of receiving the verdict, as the consent had provided it should be received. If he had been present, the act would have been no less mechanical. In *Nolan's* case (53 *Ga.*, 137; 55 *Ib.*, 521,) the event contemplated did not happen.

2. The request to charge, which the court refused, was not legal. It was in these terms: "If the assault was made in a fight that was provoked by words, threats, or blows, and in the midst of the excitement of the fight, then, had killing ensued, it would not have been murder." Words and threats are here put on an equal footing with blows; whereas, the Code declares (section 4325) that provocation by words or threats shall, in no case, free the party killing from the guilt of murder.

3. The conviction was not unwarranted by the evidence, though there was much evidence that tended to show the prisoner acted throughout in the character of peace-maker. The newly-discovered evidence represents him in the same amiable light, and is, therefore, cumulative upon the great mass of testimony which he introduced at the trial. It adds another witness to substantially the same array of facts, but this is all. We think there is no probability that it would produce a different verdict.

Judgment affirmed.