19083.   WILSON *v*. THE STATE.

Argued September 14, 1955—Decided November 15, 1955.

*Joe M. Ray, Stone & Stone, W. L. Stone,* for plaintiff in error.
*R. A. Patterson, Solicitor-General, Jesse G. Bowles, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

HEAD, Justice. It is the legal right of a person accused of crime in this State to be present at all stages of his trial, such right being derived from our Constitution, art. I, sec. I, par. IV (Code, Ann., § 2-104). This principle has been recognized since the establishment of this court. "The accused and his counsel have the right to be present at every stage of the proceedings and per-

sonally see and know what is being done in the case. To say that no injury results when it appears that what occurred in their absence was regular and legal would, in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice." *Hopson* v. *State*, 116 *Ga.* 90, 91 (42 S. E. 412); *Wade* v. *State*, 12 *Ga.* 25 (2).

This principle is not applicable where the accused is voluntarily absent on bail. *Barton* v. *State*, 67 *Ga.* 653 (44 Am. R. 743); *Robson* v. *State*, 83 *Ga.* 166 (9 S. E. 610); *Hill* v. *State*, 118 *Ga.* 21 (44 S. E. 820).

In cases in this court dealing with the involuntary absence of the accused during some stage of his trial, many statements have been made in regard to whether or not the right to be present has been waived. There seems to be little consistency in these statements, and many of them were made in cases where it was stated that no waiver had been made. There does seem to be sufficient consistency in the opinions to establish the point that a defendant in this State may personally waive his right to be present, or that his counsel may waive this right for him when the waiver is made in the defendant's presence. *Smith* v. *State*, 59 *Ga.* 513 (27 Am. R. 393); *Cawthon* v. *State*, 119 *Ga.* 395, 396 (8) (46 S. E. 897); *Swain* v. *State*, 162 *Ga.* 777 (135 S. E. 187).

We have found no case in this State ruling directly on the question of whether or not a new trial should be granted to the defendant in a case where a portion of the trial proceeded during his involuntary absence, and where counsel for the defendant waived the fact that the trial had thus illegally proceeded, which waiver was repudiated by the defendant when he learned of such illegal procedure and the waiver thereof by his counsel. In *Frank* v. *State*, 142 *Ga.* 741 (83 S. E. 645, L. R. A. 1915D 817), counsel for the defendant waived the presence of the defendant at the reception of the verdict, without the defendant's knowledge or consent, and the fact of his absence and the waiver of counsel was recited in his motion for new trial. After the denial of his motion for new trial was affirmed by this court, he made a motion to set aside the verdict, in which he alleged that the verdict was illegal because of his involuntary absence at the time of its reception. This court held that he would be considered as having

acquiesced in the waiver of his counsel. No such acquiescence is shown in the present case.

In *Bonner* v. *State*, 67 *Ga.* 510, it was held that it was error for the judge to recharge the jury while the prisoner was absent and in confinement, although his counsel may have been present and kept silent. In *Wilson* v. *State*, 87 *Ga.* 583 (13 S. E. 566), it was held that it was the duty of the court to see that the defendant was present at all stages of the trial, and that it was error for the court to recharge the jury while the defendant was in an adjoining room in the custody of an officer, did not know that the jury was being recharged, and such knowledge did not come to him until after the recharge was concluded. In the *Wilson* case it was stated that the presence of his counsel "was no substitute for that of the man on trial."

In *Tiller* v. *State*, 96 *Ga.* 430 (23 S. E. 825), it was held that it was error to permit the solicitor-general to proceed with his argument to the jury while the accused was absent and confined in jail, no waiver having been made of his presence by himself or his counsel. In the body of the opinion it was stated: "We . . . are of the opinion that it was a duty devolving upon the judge himself to see to it that the accused was brought from jail to the courtroom, before allowing the argument to proceed; and the omission to perform this duty is of sufficient gravity to require the granting of a new trial. We do not mean to say that the duty of seeing that his client was present did not also rest upon the counsel; but his failure in this respect should not relieve the judge of giving the proper attention to this matter, he being primarily, and above all others, responsible for the regularity and lawfulness of the trial."

In *Rider* v. *State*, 195 *Ga.* 656 (6) (25 S. E. 2d 304), it was held that it was reversible error to charge the jury in the absence and without the knowledge or consent of the defendant, who had been taken to jail by an officer, although his counsel were present.

In *Morris* v. *State*, 177 *Ga.* 365, 369 (170 S. E. 217), there is a statement indicating that it was the opinion of the court that the silence of the defendant's counsel would waive the irregularity of receiving a verdict in the involuntary absence of the defendant. The case was decided on other points, and this statement is in direct conflict with rulings in older, full-bench decisions.

In *Cawthon* v. *State,* supra, it was held that, where an express waiver of the right of the defendant to be present at the reception of the verdict was made by counsel in the presence of the defendant, a verdict afterwards received in the absence of the defendant and in consequence of.the waiver could not be held to be invalid at the instance of the defendant, seeking, after the reception of the verdict, to repudiate the action of his counsel in making the waiver. In the *Cawthon* case it was stated: "Before a verdict received in the absence of the accused will be held to be invalid, it is incumbent upon the accused to show that he was in custody of the law at the time the waiver was made, that he made no waiver of his right to be present, and that he did not authorize his counsel to make such waiver for him, and, if an unauthorized waiver has been made by counsel, that he has not ratified the same or allowed the court to act upon the waiver of counsel after he has notice that the same has been made." In the body of the opinion it was pointed out that "The open question in this State is whether his counsel can make the waiver for him." It was stated that the weight of authority in other jurisdictions seems to be that counsel can not waive the right of the accused to be present.

We have examined a number of cases from other jurisdictions, and concur in the view expressed in the *Cawthon* case, supra, that the weight of authority is that counsel can not waive the right of the accused to be present. See 14 Am. Jur. 907, § 199; 23 C. J. S. 311, § 975; State *v.* Myrick, 38 Kan. 238 (16 Pac. 330) ; Jones *v.* State, 26 Ohio St. 208, 210; State *v.* Wilcoxen, 200 Iowa 1250, 1252 (206 N. W. 260) ; Sherrod *v.* State, 93 Miss. 774 (47 So. 554, 20 L. R. A. (NS) 509) ; Prine *v.* Commonwealth, 18 Pa. 103; Green *v.* People, 3 Colo. 68; Smith *v.* People, 8 Colo. 457 (8 Pac. 920) ; Shipp *v.* State, 11 Tex. App. 46, 47; Osborn *v.* State, 24 Ark. 629; Waller *v.* State, 40 Ala. 325, 326 (5) ; Cook *v.* State, 60 Ala. 39 (31 Am. R. 31).

Under the former decisions in this court, we can not follow the decisions of courts of other jurisdictions to the extent of holding that a counsel can not, under any circumstances, waive the right of his client in a criminal trial to be present at all stages of the trial. However, this is an important right of the defendant, guaranteed by our Constitution, and we therefore hold that, in order

for the waiver of counsel to be binding on the defendant, it must be made in his presence or by his express authority, or be subsequently acquiesced in by him.

In the present case, the waiver of counsel for the defendant was made without his knowledge or consent, as shown by affidavit of counsel attached to the ground of the motion for new trial, which was certified by the trial judge. The waiver was made after the trial had illegally proceeded in the defendant's absence. The defendant had no knowledge of the illegal procedure of the trial or the unauthorized waiver of counsel until after the verdict had been rendered, and he repudiated the waiver of counsel (who had been appointed by the court to represent him) at the first opportunity.

It was error to overrule this ground of the motion for new trial.

*Judgment reversed. All the Justices concur.*