## 27421. GRAY v. THE STATE.

HAWES, Justice. Appellant was jointly indicted and tried with another for the offense of armed robbery. He was convicted and he appeals. In his single ground of enumerated error, he contends that he was denied his constitutional right in that a portion of the trial was conducted while he was involuntarily absent, and that he did not acquiesce in this action or waive, either by himself or by his counsel, his right to be present at every stage of the proceedings against him. The transcript of the trial itself, and a supplemental record certified to this court by the trial judge, show that after the jury had been stricken the trial court declared a short recess and appellant, who was in custody and not on bond, was permitted to leave the courtroom in the custody of the deputy sheriff, either for the purpose of procuring lunch or for the purpose of smoking a cigarette; that while he and the deputy were still in the corridor outside the courtroom, the judge reconvened the court and ordered that the jury which had been selected be brought into the courtroom;

that after the jury entered the box the trial judge directed that, "all jurors stand and raise your right hand so the jury oath may be administered"; that thereupon the assistant district attorney began to administer the oath at which point the court interrupted the proceeding, stating that he thought the defendant was present. The defendant was brought into the courtroom and instructed by the court to have a seat, and thereafter the court again instructed the jurors to raise their right hands and the jury was duly sworn. Counsel for the defendant who also represented the co-defendant stated that he had been talking to appellant's co-defendant and did not realize that appellant was not present in the courtroom. Under these circumstances, nothing occurred in the trial of the case in the absence of the appellant, and no basis appears for invoking the rule announced in such cases as *Hopson v. State,* 116 Ga. 90 (2) (42 SE 412), and *Wilson v. State,* 212 Ga. 73 (90 SE2d 557), upon which the appellant relies. No cause for a reversal of the judgment of conviction is shown.

*Judgment affirmed. All the Justices concur.*
Argued September 13, 1972—Decided December 4, 1972.

*Hester & Hester, Frank B. Hester,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Morris H. Rosenberg, Joseph J. Drolet, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.