## 28052. CLARK v. THE STATE.

UNDERCOFLER, Justice. Robert Lee Clark was convicted of the murder of George Hutchings and sentenced to life imprisonment. He appeals to this court. *Held:*

1. The appellant contends that the court erred in refusing to allow him access to a previous statement made by a witness for the state and given to the district attorney. We do not agree.

"There is no Georgia statute nor rule of practice which requires the district attorney to open his files to the attorney for the accused, nor is the accused entitled as a matter of right to receive copies of police reports and

investigation reports made in the course of preparing the case against the client." *Henderson v. State,* 227 Ga. 68, 77 (179 SE2d 76); *Pass v. State,* 227 Ga. 730 (12) (182 SE2d 779).

2. Enumeration of error number 5 contends that the trial court erred in sustaining an objection to a question asked the appellant while testifying as a witness in his own behalf. The record shows that the objection was overruled and that the appellant answered the question.

3. Enumeration of error number 6 asserts that the trial court erred in refusing to exclude certain sworn testimony of the appellant which was elicited on cross examination. No objection was made to this testimony during the trial. It follows that this enumeration of error presents nothing for review here.

4. Enumeration of error number 7 contends that the trial court erred in refusing to grant a mistrial to the appellant because the testimony of Officer Arthur Simpson tended to show that the appellant was guilty of a distinct and separate offense for which he was not on trial.

The record shows that the appellant testified that he had taken his .38 caliber pistol to the hospital when he went there to talk with George Hutchings, the hospital administrator, about the dismissal of his wife; that he did not take the pistol to the hospital to kill the hospital administrator but took it with him for his protection from the police in case they were called to the hospital because Police Officer Arthur Simpson had previously arrested him, had taken him to the jail, and for no reason had pointed a pistol at him, had fired mace at him, and had hit him on the head with a blackjack. Officer Arthur Simpson was called as a rebuttal witness and asked to testify about the incident at the jail. The officer testified that on the occasion involved, they had received a call to go to the hospital

because the appellant "was disturbing the peace." The appellant's counsel objected to this testimony and moved for a mistrial on the basis that it introduced another offense into evidence which was wholly independent from that for which he was being tried. His motion was overruled. The district attorney again asked the officer about the circumstances surrounding the jail incident, and the officer testified that the appellant had been arrested for being drunk; that he and another officer had taken him to jail and while he was counting the appellant's money prior to putting him in jail, the appellant struck him, and he had gassed him with mace; that the appellant hit him again, knocked him down, and jumped on top of him; that another officer ran over and pulled the appellant from him; that the appellant was attempting to obtain his gun; and that he hit him on the head with his blackjack. The attorney for the appellant asked the officer on cross examination if the appellant had not jumped on him because he had squirted mace all over him and was only trying to take the mace away from him. The officer replied that the appellant jumped on him "every time he arrested him." The appellant moved for a mistrial because evidence of another offense was placed in evidence. The trial court overruled his objection and instructed the jury to disregard this testimony. The appellant renewed his motion for a mistrial and contends that the trial court erred in not granting it.

"The general rule is that the character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. Code § 38-202; *Cawthon v. State,* 119 Ga. 395 (4) (46 SE 897); *Lanier v. State,* 187 Ga. 534 (3) (1 SE2d 405)." *Emmett v. State,* 195 Ga. 517, 538 (25 SE2d 9).

In this case the appellant introduced his character into evidence by testifying that he took the pistol to the hospital for his protection from the police in case they were called to the hospital and testified that he had previously been arrested, and for no reason had been gassed, had a pistol pointed at him, and had been hit on the head with a blackjack.

The statement of the police officer that the appellant jumped on him every time he arrested him was, therefore, admissible to explain the officer's conduct and to rebut the appellant's testimony about the arrest. *Carrigan v. State* 206, Ga. 707 (5) (58 SE2d 407).

5. The remaining enumerations of error have been expressly abandoned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 29, 1973 — DECIDED SEPTEMBER 5, 1973.

*Leon A. Wilson, II,* for appellant.

*Glenn Thomas, Jr., District Attorney, Cletus W. Bergen, II, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.