28754. WANZER v. THE STATE.

SUBMITTED APRIL 9, 1974 — DECIDED JULY 2, 1974 — REHEARING DENIED JULY 16, 1974.

*Hester & Hester, Frank B. Hester,* for appellant.
*William H. Ison, District Attorney, J. W. Bradley, Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, William F. Bartee, Jr., B. Dean Grindle, Jr., Assistant Attorneys General,* for appellee.

GRICE, Chief Justice.

Terry Lee Wanzer was convicted in the Superior Court of Clayton County for the offenses of rape and aggravated sodomy, and intentionally aiding another to commit the same crimes. He was given two life sentences and two sentences of 20 years, all to run consecutively. He appeals from his conviction and sentences, and the denial of his motion for new trial as amended.

The evidence shows the following: In the early hours of July 3, 1973, the victim and her aunt were in Clayton County on the interstate highway, traveling from Macon to Atlanta. The victim was driving. An automobile

occupied by two men came up behind the victim, and the driver started blinking the headlights. This automobile was then driven beside that of the victim, and the passenger in the automobile stated to the victim that her left tire was going flat. The victim pulled over to the side of the highway, and her aunt got out of the automobile to inspect the tire. The passenger in the other automobile, threatening the victim with a pistol, forced his way into her automobile, and drove it away, leaving the victim's aunt on the side of the highway. The companion of the man who forced himself into the victim's automobile followed in his automobile. When both automobiles reached a secluded area, the man driving the victim's automobile committed rape and aggravated sodomy on her, and thereafter his companion committed the same acts.

The victim positively identified the appellant as the man who first forced himself into her automobile. His companion had not been identified at the time of the trial.

■ The first error enumerated is that the appellant was denied his constitutional right to be present at every stage of the proceedings against him by being involuntarily absent during the presentation of a motion for mistrial, and during a part of the evidence adduced pertaining to the motion.

The sixth error enumerated is the denial of the motion for mistrial referred to in the first enumerated error.

The motion for mistrial was in regard to an unauthorized communication between the jury, through the bailiff, and the assistant district attorney. It occurred soon after the jury began its deliberations on the question of guilt or innocence of the appellant. A member of the jury requested the bailiff to determine whether the indictment was complete. The bailiff took the indictment to the assistant district attorney, and told him the jury's question. The assistant district attorney arranged the indictment in order, stapled back a page that had become detached, and told the bailiff that it was complete. The bailiff communicated this information to the jury.

The motion for mistrial was made after the jury had brought in a verdict of guilty, and while they were

deliberating on the sentences to be imposed. The attorney for the appellant made the motion to the trial judge in his chambers. The assistant district attorney, the bailiff, and a court reporter were also present. The appellant's attorney questioned the bailiff and the assistant district attorney concerning the unauthorized communication. The attorney for the appellant then made a motion for mistrial. Thereafter the judge, the assistant district attorney, and the appellant's attorney discussed the incident, and questioned the bailiff further.

The trial judge, at this point, called the jury back in the courtroom, and questioned the foreman of the jury and the juror who made the request for information to the bailiff. The judge questioned each member of the jury as to whether the incident had any effect on the verdict, and each member replied that it had not. The judge thereupon determined that no harm had come to the appellant by the unauthorized communication, and denied the motion for mistrial.

The record indicates that the appellant was in a room adjoining the judge's chambers, with the door closed between the rooms, when the motion for mistrial was made, but was present in the courtroom during the questioning of the jurors.

Under the Constitution of the State of Georgia, Art. I, Sec. I, Par. IV (Code Ann. § 2-104), a person accused of crime has a right to be present at all stages of his trial. See *Wilson v. State,* 212 Ga. 73 (90 SE2d 557).

However, in some instances, because of the particular facts of the case, it has been held that some proceedings in the trial of an accused in his absence will not require the grant of a new trial. For instance see: *Smith v. State,* 59 Ga. 513 (27 AR 393); *Andrews v. State,* 196 Ga. 84, 94 (26 SE2d 263); *Gray v. State,* 229 Ga. 808 (194 SE2d 479).

In the present case the hearing in the judge's chambers out of the presence of the appellant, was instituted by the appellant's attorney. The bailiff and the assistant district attorney were questioned extensively by this attorney prior to the time that he made the motion for mistrial, which was the first time that the trial judge could have known that the hearing in his chambers was

a stage in the appellant's trial. The appellant's attorney made no effort to have his client present, although he was in the next room at the time.

The examination of the jurors by the trial judge showed conclusively that the unauthorized communication could not have harmed the appellant, since it had no effect on the verdict rendered, and the trial judge did not err in denying the motion for mistrial. Compare *Whitlock v. State,* 230 Ga. 700 (1) (198 SE2d 865).

Under the particular circumstances of this case, hereinbefore related, the presentation by the appellant's attorney of the motion for mistrial concerning this harmless incident, out of the presence of the appellant, does not require the grant of a new trial.

■ The second error enumerated is that the appellant was denied his constitutional right to confront and cross examine a witness, in that a witness for the state, Lt. Robert Manders, of the Stockbridge Police Department, was permitted to testify that he "had received the name of Jerry or Terry."

This witness testified that he had seen a man, whom he described, in a vehicle answering the description given by the victim of the one in which the rapists were riding, at about 8:00 or 8:30 p.m. of the day preceding the day the crimes were committed. This witness had seen the man a time or two before in an eating place in Stockbridge. He testified, over the objection that it was hearsay, that an informer, whose identity he did not want to reveal, had told him that the man's name was Terry or Jerry. The witness stated that the man he had seen the day before the crimes was the accused on trial.

There was no issue on the trial as to the appellant's name, and the evidence was not offered to prove his name. Nor was it offered to prove the identity of the person committing the crimes.

The victim had reported that one of the men who raped her had been called "Terry" by his companion. The statement by Lt. Manders concerning the name he had heard from an informer was merely in explanation of his conduct in giving information to the Clayton and Henry County Police Departments, and it was not error to admit

it in evidence. See *White v. State,* 231 Ga. 290, 292 (201 SE2d 436); *Watkins v. State,* 231 Ga. 481 (202 SE2d 442).

■ Enumerated error 3 complains that the court erred in admitting testimony of a witness for the state concerning a picture, later identified as a picture of the appellant, without this exhibit having been admitted into evidence. This witness was merely identifying the picture in order that it might be admitted in evidence, and there is no merit in this enumerated error.

■ The fourth enumerated error contends that the court erred in admitting in evidence the series of pictures submitted to the victim from which she selected the picture of the appellant, over the objection that the pictures illegally placed the appellant's character in issue since they were pictures from police files.

All police information on the pictures had been masked prior to the time they were sent to the jury. The pictures were relevant to illustrate to the jury the fairness of the procedure in submitting them to the victim. There was no error in allowing the picture in evidence. Compare *Cooper v. State,* 182 Ga. 42 (2) (184 SE 716, 104 ALR 1309); *Tanner v. State,* 228 Ga. 829, 832 (188 SE2d 512); *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73).

■ The fifth enumerated error complains that the court erred during the trial in denying a motion for mistrial on the ground that the assistant district attorney trying the case had improperly threatened a defense witness concerning perjury.

On cross examination, the assistant district attorney asked this witness a series of questions, "Has Mr. Hester [defense attorney] advised you of the consequences of perjury? . . . You realize you are under oath? . . . Do you know what perjury is?" The witness replied in the affirmative to the first two questions. After the third question the appellant's attorney stated that he thought it was improper for the assistant district attorney to warn his witness of perjury, and moved for a mistrial. The judge overruled the motion. The cross examination was then discontinued.

It is the right of a witness to be protected from improper questions and from harsh or insulting demeanor. Code § 38-1704. However, the discretion of the

court in controlling the conduct of the state's counsel toward a witness for the accused will not be interfered with unless it appears that the accused was harmed by the conduct.

There was no harm to the appellant in this instance, and it was not error to refuse to grant the motion for mistrial.

■ Error is assigned in enumerated error seven in denying the appellant's motion to quash the counts of the indictment charging aggravated sodomy, and aiding and abetting another to commit aggravated sodomy, on the ground that Code Ann. § 26-2002 (Ga. L. 1968, pp. 1249, 1299), defining sodomy and aggravated sodomy, and Code Ann. § 26-802 (Ga. L. 1968, pp. 1249, 1271), pertaining to the conviction of persons not directly committing a crime, are so vague, indefinite and overbroad as to violate the due process and equal protection clauses of the State and Federal Constitutions. Code Ann. § 26-2002 defines sodomy as "any sexual act involving the sex organs of one person and the mouth or anus of another." Aggravated sodomy is sodomy committed with force and against the will of the other person.

The indictment charged the appellant "did perform a sexual act by inserting his sex organ into the mouth of" the victim, forcibly and against her will.

Code Ann. § 26-2002 plainly and specifically forbids the conduct with which the appellant was charged in the indictment. There is no merit in the contention that the statute is unconstitutionally vague, indefinite and overbroad.

Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271) plainly states who is a "party" to a crime. When Code Ann. § 26-802 (Ga. L. 1968, pp. 1249, 1271) is considered with Code Ann. § 26-801, there is no merit in the contention that it is unconstitutionally vague, indefinite and overbroad.

■ Enumerated error 8 contends that the court erred in denying the appellant's motion to suppress identification evidence, wherein the appellant contended that "the show-up identification at the Clayton County Police Department was under the totality of the circumstances so unnecessarily suggestive and conducive

to a very substantial likelihood of irreparable mistaken identification" that the appellant was denied due process of law.

A hearing was held on the motion to suppress evidence, and extensive evidence was heard by the trial judge prior to his decision on the motion. We have carefully considered the evidence on the motion, and find that the trial judge did not err in holding that the identification procedure did not violate due process. See Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

■ The ninth enumerated error asserts that the court erred in denying the appellant's motion for discovery, in that he was refused the right to examine, prior to trial, the report made by the Georgia Crime Laboratory concerning the examination of items of the victim's clothing.

The trial judge examined the laboratory report and found nothing favorable to the appellant in it. The record does not indicate that the state withheld evidence useful to the appellant in preparing his defense, as the state had done in Giles v. Maryland, 386 U. S. 66 (87 SC 793, 17 LE2d 737).

There was no error in refusing to require the district attorney to furnish the laboratory report to the appellant. See *Whitlock v. State,* 230 Ga. 700 (3), supra; *Clark v. State,* 230 Ga. 880 (1) (199 SE2d 786).

*Judgment affirmed. All the Justices concur.*