## 40527. THE STATE v. FLETCHER.

CLARKE, Justice.

We granted certiorari on the question of whether Fletcher's constitutional rights of confrontation and due process were violated in light of Illinois v. Allen, 397 U. S. 337 (90 SC 1057, 25 LE2d 353) (1970). The Court of Appeals held that even though the appellant committed flagrant acts of violence and disrupted the courtroom, it was error to remove him without giving him an opportunity to remain in the courtroom if he would agree to proper conduct. Upon a review of the facts and law, we agree that the conviction must be reversed. Our decision is not based upon the circumstances of the initial removal but upon the subsequent trial events.

The disruption occurred in the selection of jurors for Fletcher's case. The state's attorney made an objection during the voir dire and Fletcher "arose with great violence," throwing the counsel table, and began struggling with a detective who was a prosecution witness and investigator. Several deputies assisted and Fletcher was removed from the courtroom.

The court then ordered that the jury selection proceed with Fletcher being held outside the courtroom, allowing defense counsel to consult with him. The defense moved for a mistrial which was overruled. It was then reported to the courtroom from emergency medical technicians that Fletcher was having a seizure and needed medication. Defense counsel objected to proceeding with the voir dire. The court ruled that voir dire would continue. A jury was selected that morning and dismissed until the next day. The record reflects that Fletcher was taken from the courtroom to the hospital to determine if treatment was needed. No need for treatment was found and he was returned to the jail.

The next morning, prior to bringing in the jury, the court instructed Fletcher that due to his violent conduct the previous day he would not be permitted to remain in the courtroom but that consultation with counsel would be allowed outside the courtroom.

Opening statements were made and the state presented five of its six witnesses. During the testimony of the sixth witness a Jackson-Denno hearing was held and the defense called Fletcher to the stand. At the conclusion of this hearing the court informed Fletcher that because his conduct was proper he could remain in the courtroom; he also warned Fletcher that any outbursts or violent behavior would result in his removal.

Illinois v. Allen, supra, holds that a defendant may waive his Sixth Amendment right to be present at his trial through his own misconduct and that in dealing with disruptive defendants the trial court is vested with discretion. The court set out three constitutionally permissible ways to handle such defendants: (1) bind and gag them which allows presence in the courtroom to continue; (2) cite for contempt; (3) removal until a promise of proper conduct is made.

We agree with the contention of the state that this listing of methods is directory and explanatory of some, but not all, means by which a trial court may exercise his discretion. However, based upon the express holding of Illinois v. Allen, we must conclude that a constitutional waiver of rights is not shown by the record.

Allen involved a defendant who continuously disrupted the trial and was repeatedly warned by the trial court that upon further outburst he would be removed. When those warnings had no effect he was removed from the courtroom. He was allowed to return later upon promise of good behavior. In affirming the conviction and adhering to the presumption against waiver of constitutional rights, the court stated, "[W]e explicitly hold today that a defendant can lose his right to be present at trial if, after he has been warned by the

judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. Once lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." Illinois v. Allen, supra at 343.

Courts interpreting Allen have held that no particular sequence of warnings is required and that even though Allen was given several warnings, one warning is sufficient. Scurr v. Moore, 647 F2d 854 (8th Cir. 1981); Scurr also held that while it is desirable to inform the defendant of his right to return at the time of his initial removal from the courtroom, the failure to so instruct in that case was harmless error beyond a reasonable doubt. The accused was only removed for 20 to 30 minutes. It has also been held that a warning as to trial conduct given at a pretrial hearing may be constitutionally sufficient under Allen. United States v. Munn, 507 F2d 563 (10th Cir. 1974).

The holding of Illinois v. Allen was incorporated into the Federal Rules of Criminal Procedure by a 1975 amendment. The trial may proceed without the defendant "whenever a defendant, initially present, . . . (2) after being warned by the court that disruptive conduct will cause him to be removed from the courtroom, persists in conduct which is such as to justify his being excluded from the courtroom." Fed. Rules Cr. Proc., Rule 43, 18 USCA.

In the present case there was no warning or cautionary instruction given to Fletcher on the consequences of his disruptive behavior, nor was he informed of the right to return to the courtroom upon a showing of proper conduct. These deficiencies must be weighed against the violent behavior of the appellant which disrupted the orderly process of law and possibly endangered those present in the courtroom.

We find that the trial court was within his sound discretion in having the appellant immediately removed from the courtroom. Because of his violent behavior and language there was no harm in failing to warn or instruct the appellant on his rights at that time. A trial judge must have discretion to act immediately in the face of extreme violence and disruption as was presented here.[1]

---

[1] We do not reach the propriety of continuing the voir dire when statements made in open court suggest that after his removal, the appellant's mental state made it impossible for counsel to consult with him outside the courtroom as this issue was not raised in the main appeal nor is it involved in the question on certiorari.

The more difficult question is whether the disruptive conduct of Fletcher amounts to a continuing waiver of his right to be present during the trial. We appreciate the dilemma faced by the trial judge. Although Illinois v. Allen, supra, conditions the right to remove a defendant from the courtroom upon a warning being given, the conduct of a defendant may be so violent that a warning would be a totally useless act. We find such to be obviously the case here. The only issue is whether Allen requires a subsequent warning when the opportunity presents itself. We do not believe it would be reasonable to impose upon a trial judge the duty to make moment-by-moment inquiries as to whether the defendant's state is such that a meaningful warning could be given. On the other hand, where, as here, the defendant, who was given no initial warning, is subsequently brought before the court and evidences no violent or disruptive behavior, the mandate of Allen is that the court make inquiry as to the state of mind of the defendant or warn him of the consequences of misconduct and inform him that by proper conduct he could regain the right to be present.[2]

The waiver urged by the state does not meet the test of Illinois v. Allen. While improper denial of the right to be present may in some cases be harmless error beyond a reasonable doubt, Scurr, supra (defendant removed for twenty to thirty minutes); Munn, supra (defendant removed for one hour and fifteen minutes which included voir dire and non-crucial testimony), we cannot find removal for what amounted to almost the entire case of the state was harmless beyond a reasonable doubt which is the applicable standard. See Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967).

Since the requirements of Allen were not met in this case, the judgment of the Court of Appeals reversing the conviction must be affirmed.

---

[2] Helpful guidelines for trial judges when dealing with disruptive defendants may be found in the ABA Standards for the Administration of Criminal Justice which provides:

"6.8 The disruptive defendant.

"A defendant may be removed from the courtroom during his trial when his conduct is so disruptive that the trial cannot proceed in an orderly manner. Removal is preferable to gagging or shackling the disruptive defendant. If removed, the defendant should be required to be present in the court building while the trial is in progress, be given the opportunity of learning of the trial proceedings through his counsel at reasonable intervals, and be given a continuing opportunity to return to the courtroom during the trial upon his assurance of good behavior. The removed defendant should be summoned to the courtroom at appropriate intervals, with the offer to permit him to remain repeated in open court each time." ABA Standards, The Function of the Trial Judge, § 6.8 (1972).

*Judgment affirmed. All the Justices concur, except Marshall, P. J., Smith and Gregory, JJ., who dissent.*

DECIDED APRIL 24, 1984.

*Gary C. Christy, District Attorney, Kathryn O. Fallin, Assistant District Attorney,* for appellant.
*Ronnie A. Wheeler,* for appellee.