76694. FICTUM v. THE STATE.
(373 SE2d 54)

POPE, Judge.

Charles W. Fictum, a resident of Indiana, was convicted of speeding and driving under the influence of alcohol. He appeals the denial of his motion for new trial because of (1) insufficiency of the evidence and (2) his absence during jury selection.

1. The testimony of the arresting officer was sufficient to support the guilty verdict. See *Howell v. State*, 179 Ga. App. 632 (1) (347 SE2d 358) (1986).

2. Nevertheless, we agree that Fictum is entitled to a new trial, because the trial court proceeded with jury selection in his absence even though he neither waived his right to be present nor voluntarily absented himself from the court.

The record reflects this case appeared on the trial calendar for

January 27, 1987. Fictum traveled from his home in Indiana and arrived in Houston County the previous day. According to an affidavit sworn by Fictum's counsel and submitted in support of the motion for new trial, prior to the call of the calendar on January 27, the trial judge informed counsel that the case "would not be tried" until the following day because other cases were already scheduled. Counsel accordingly informed his client that he would not be required to appear until the morning of January 28. However, after court commenced on the morning of January 27, the judge informed Fictum's counsel the case would be tried after all due to the rescheduling of cases on the calendar. Despite the fact that counsel informed the judge he did not know if he could locate his client, jury selection nevertheless was conducted in defendant's absence.

(a) A defendant may waive his right to be present during trial proceedings by voluntarily absenting himself from the court. But where, as here, defendant was unaware the proceedings had commenced, it cannot be said that he voluntarily chose to be absent. The record shows Fictum was informed by the court, through his attorney, that the trial would not commence on the date in question. We must assume, from the fact that Fictum had traveled from out of state to appear at trial, that he would have exercised his right to be present had he known jury selection would commence. In *Pollard v. State*, 175 Ga. App. 269 (333 SE2d 152) (1985), the defendant, though present in court on the morning he knew the trial was about to begin, could not be found when jury selection was about to commence. Under those circumstances, the court held defendant's absence from the trial proceeding could not be considered a voluntary waiver of his right to be present. In this case, there is even greater reason to find that defendant had not waived his right to be present by voluntarily absenting himself from court since the record shows defendant was not aware the jury selection was about to commence. Those cases in which the defendant was found to have voluntarily waived the right to be present involve circumstances in which the defendant was present for the commencement of trial but failed to return to court during the progress of the trial. See *Byrd v. Ricketts*, 233 Ga. 779 (213 SE2d 610) (1975); *Miller v. State*, 122 Ga. App. 869 (1) (179 SE2d 265) (1970); *Vicks v. State*, 42 Ga. App. 451 (156 SE 729) (1931). Such is not the case here.

(b) Nevertheless, the State argues Fictum waived his right to be present by counsel's failure to raise the objection in a timely manner. Counsel cannot waive the right of the accused to be present unless waiver is made in defendant's presence, by defendant's express authority or unless the defendant subsequently acquiesces to counsel's waiver. *Wilson v. State*, 212 Ga. 73, 78 (90 SE2d 557) (1955). The right to be present at criminal proceedings is not waived by counsel's

failure to raise an objection. *Tiller v. State*, 96 Ga. 430 (1) (23 SE 825) (1895); *Bonner v. State*, 67 Ga. 510 (1881). In *Bonner* and *Tiller*, the trial court was found to have a duty to see that a defendant held prisoner was brought to the courtroom even if the defendant's attorney failed to raise the objection. In our case, Fictum was not a prisoner and was free either to appear or to absent himself voluntarily from the proceeding. However, the record shows the judge was informed that Fictum had traveled from out of state to appear at trial but had left the courthouse relying upon the judge's instruction that the case would not be tried on the day in question. Thus, the judge was on notice that Fictum wished to exercise his right to be present and yet no steps were taken to protect those rights. Under these circumstances, a new trial should be granted. See *Duke v. State*, 104 Ga. App. 494 (2) (122 SE2d 127) (1961).

(c) We also reject the State's argument that the right to be present does not apply in this case. The right exists in misdemeanor cases as well as felonies. *Lyons v. State*, 7 Ga. App. 50 (2) (66 SE 149) (1909). It is guaranteed "at every stage of the proceedings . . . ." *Tiller v. State*, at 430-431. Certainly, this right extends to the selection of the jury when a defendant may challenge prospective jurors "simply on the basis of the sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another." (Punctuation and citation omitted.) *United States v. Crutcher*, 405 F2d 239, 244 (2d Cir. 1968), cert. den., 89 SC 1018 (1969).

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1988.

*Verna L. Smith*, for appellant.
*Carl A. Veline, Jr., Solicitor, Kelly R. Burke, Assistant Solicitor*, for appellee.