A94A2345. PERRY v. THE STATE.
A94A2346. HUNTER v. THE STATE.
(456 SE2d 89)

SMITH, Judge.

Aaron Perry and Carlton Hunter were indicted and convicted by a jury of kidnapping, OCGA § 16-5-40, and armed robbery, OCGA § 16-8-41.[1] Their motions for new trial were denied, and they appeal.

1. Perry and Hunter enumerate as error the conduct of the trial court in removing them from the courtroom during the testimony of three rebuttal witnesses for the State. Out of the presence of the jury, the prosecutor informed the trial court that the witnesses were afraid to testify and feared for their lives. The trial court agreed to speak with the witnesses. Counsel for appellants objected to proceedings taking place out of the presence of their clients. The trial court overruled the objections and ordered appellants removed from the courtroom while the witnesses were examined.

Contrary to the dissent's contention, the proceedings which took

---

[1] A third defendant, Aaron Hunter, was convicted of armed robbery. In an earlier appeal, Aaron Hunter's conviction was affirmed. *Hunter v. State,* Court of Appeals Case No. A94A1137 (June 23, 1994, unpublished). He did not raise the issue discussed here.

place while appellants were excluded clearly were not "a conference in chambers dealing solely with questions of law." Three witnesses gave testimony out of the presence of the jury on the rebuttal issues for which the State had called them, primarily concerning the alibi of appellants' co-defendant and communications with his attorney. This testimony was lengthy and, according to counsel for appellant Hunter, lasted almost three hours. However, only two of the witnesses testified with respect to any fear for their lives; both testified that no threats had been made against them and they were *not* fearful of the defendants, but rather were uneasy about testifying and about the judicial process in general. Two of the witnesses later testified before the jury to essentially the same substantive matters to which they testified earlier before the trial court. This was clearly not a "conference" on a "question of law," but testimony given by three witnesses for the State.

The trial court erred in removing appellants from the courtroom, over objection, while witnesses testified for the State in a criminal prosecution. This is, on its face, a violation of appellants' rights under the confrontation clauses of the Georgia and United States Constitutions, as well as their right to be present at their trial under Ga. Const. 1983, Art. I, Sec. I, Par. XII. " 'The accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case. To say that no injury results when it appears that what occurred in their absence was regular and legal would, in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice.' [Cits.]" *Wilson v. State*, 212 Ga. 73, 74-75 (90 SE2d 557) (1955) (new trial granted where defendant absent for portion of the State's closing argument; counsel for defendant could not waive defendant's presence without acquiescence). "We think that the right to be present at all stages of the trial ranks among the defendant's most substantial rights. It ranks next in importance to, if not on a par with, his right to be presumed to be innocent until proved guilty . . . 'The presence of counsel was no substitute for that of the [men] on trial. [Perry and Hunter] should have been present.' [Cit.]" *Pierce v. State*, 47 Ga. App. 830, 831 (171 SE 731) (1933) (reversible error in failing to grant mistrial where defendant absent for portion of the State's closing argument).

Appellants' right to be present even during argument of counsel is unquestioned; certainly appellants had the right to be present while witnesses testified against them. Even if that testimony was ostensibly in the nature of a proffer, that does not transform those proceedings into a "conference," as the dissent contends. The presence of the accused during actual testimony is crucial; he may identify inconsis-

tencies or other problems in a witness's testimony which are unknown to his attorney and may guide his attorney in effective cross-examination.

The cases cited by the dissent do not provide authority for this unprecedented and drastic curtailment of the right of confrontation. In *Wanzer v. State*, 232 Ga. 523, 526 (207 SE2d 466) (1974), *appellant's* counsel initiated a motion for mistrial in the trial judge's chambers without requesting the presence of his client, who was in the next room when the motion was made. However, appellant was present in the courtroom during the questioning of the jurors in connection with the motion. The Georgia Supreme Court held that under the particular facts presented the trial court did not err in denying the motion for mistrial. In *Ortiz v. State*, 188 Ga. App. 532, 535 (2) (374 SE2d 92) (1988), we approved the practice of allowing victims in child molestation cases to testify from a chair placed at an angle, so that they need not stare directly at the accused while testifying. However, the child victim in that case remained in full view and hearing of the accused, the court, and the jury. In *Andrews v. State*, 196 Ga. 84, 94 (26 SE2d 263) (1943), court-appointed counsel requested dismissal by the trial court in the presence of and with the consent of defendant's retained counsel. The Georgia Supreme Court held that the trial court's action in releasing appointed counsel, which the court described as "a gratuity to which the defendant had no right," id., was not reversible error. In *Gray v. State*, 229 Ga. 808 (194 SE2d 479) (1972), the trial court belatedly realized the defendant was returning from lunch or a cigarette break as the district attorney began administering the oath to the jury. The trial judge immediately stopped the proceedings and reswore the jury in the defendant's presence, and the Georgia Supreme Court held that "nothing occurred in the trial of the case in the absence of the appellant." 229 Ga. at 809.[2]

None of these cases deals with the *primary* focus of appellants' right of confrontation: to be present and observe the witnesses testifying against them. Moreover, the cases cited by the dissent involve either an inadvertent absence from the courtroom or action initiated by defense counsel in his client's absence. Here, the trial court itself acted to deprive appellants of "this great and important right," over the objection of counsel.

We do not foreclose the possibility that other circumstances might warrant an inquiry into real and verifiable threats against a witness or require further action on the trial court's part. However, it is undisputed that the witnesses here, when examined on the point,

---

[2] *Frady v. State*, 212 Ga. 84, 86 (90 SE2d 664) (1955), involves the question of cross-examination of the complaining witness in a rape prosecution before the enactment of the Rape Shield Statute, OCGA § 24-2-3. We fail to see its relevance here.

testified that no threats had been made against them and they were not in actual fear for their lives. What inquiries may be necessary and what remedies may be crafted to protect a witness from the threat of imminent physical harm, we reserve for decision when that issue is squarely presented. In this instance, however, the trial court erred in barring appellants from the courtroom during the testimony of three witnesses for the State, and therefore a new trial is required.

2. Appellants' remaining enumerations of error need not be addressed, as they involve matters unlikely to recur on retrial.

*Judgment reversed. Birdsong, P. J., Pope, P. J., Andrews, Johnson, Blackburn and Ruffin, JJ., concur. Beasley, C. J., concurs specially. McMurray, P. J., dissents.*

BEASLEY, Chief Judge, concurring specially.

Three rebuttal witnesses for the State were examined outside the presence of the defendants (and the jury), with only counsel present. Counsel for each of the three co-defendants on trial objected on the ground the defendants had a constitutional right to be present at all proceedings in the trial. The three witnesses were from the company at which co-defendant Aaron Hunter had testified he worked on the day and at the time of the incident on trial. They testified that Aaron Hunter did not work for the company and that the time sheet he presented was a forgery, thus rebutting his alibi. Two of them testified again, to the same effect, in the presence of defendants and the jury.

Appellant Hunter rests his argument on "the legal right of a person accused of crime in this State to be present at all stages of his trial." *Wilson v. State,* 212 Ga. 73, 74 (90 SE2d 557) (1955). It is derived from the 1983 Georgia Constitution, Art. I, Sec. I, Par. XII, which provides that "No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." He cites, however, Paragraph XIV, which contains the confrontation clause.

Appellant Perry rests his argument in support of the right to be present at every stage on what he terms the confrontation clauses of the Georgia and United States Constitutions, citing Paragraph XII of the Georgia Bill of Rights and the federal Sixth Amendment. Federal constitutional law need not be decided in this case because there is an adequate state constitutional remedy. It lies in Paragraph XII, but probably not in Paragraph XIV.

The three witnesses at issue were not witnesses against either appellant but rather against their co-defendant. Although defendants were not present when they were first examined out of the jury's presence due to some professed fear, two of them were examined and cross-examined when the jury and defendants returned to the court-

room and the third was not called. Thus they fully confronted those witnesses who testified in front of the jury, which witnesses were not witnesses against either of them. Appellant Aaron Perry's counsel did not even conduct any cross-examination. Carlton Hunter did not present an alibi. Aaron Hunter presented his alibi, that he was at work, through his own testimony. Aaron Perry presented his alibi, that he was at the dentist's office, through the dentist.

Even though the witnesses' testimony did not relate directly to either of these two appellants but only to the alibi presented by their co-defendant Aaron Hunter for himself alone, the involuntary absence of appellants during their preliminary testimony constituted a clear violation of their right to be present at all stages of their trial. It goes back at least to Georgia's first constitution, that of 1777, Article LVIII.[3] I cannot conclude that, because the witnesses did not testify against them, there was harmless error. It is impossible to discern whether the undermining of their co-defendant's alibi infected their own defenses as well. More importantly, it has long been the law that no injury need be shown. *Wade v. State*, 12 Ga. 25, 28 (2) (1852).

For these reasons, I agree that a new trial is necessary.

McMURRAY, Presiding Judge, dissenting.

"It is the legal right of a person accused of crime in this State to be present at all stages of his trial, such right being derived from our Constitution, [Art. I, Sec. I, Par. XII]." *Wilson v. State*, 212 Ga. 73, 74 (90 SE2d 557). However, these rights, along with additional confrontation rights under the Georgia and United States Constitutions are not absolute and in appropriate circumstances may give way to other legitimate circumstances in the criminal trial process. *Wanzer v. State*, 232 Ga. 523, 526 (207 SE2d 466); *Ortiz v. State*, 188 Ga. App. 532, 533 (2), 535 (374 SE2d 92).

In the case sub judice the sole matter before the trial court during defendants' absence was a question of law, the proffer from the State's witnesses serving only to frame and define a contested legal issue. The majority of jurisdictions recognize a general rule that no claim of error, or at least no claim of prejudicial error, can be based upon the exclusion or absence of a defendant, pending the trial of his case, from the courtroom, or from a conference between court and attorneys, during argument on or discussion of a question of law. 85 ALR2d 1111, 1112, § 2; 23 ALR4th 955, 1008, § 16. As well stated almost half a century ago, "[t]he prisoner's right of personal presence in a felony case throughout the trial from arraignment to sentence, when anything is done that can affect his interest, is an inalienable

---

[3] Walter McElreath, A Treatise of the Constitution of Georgia, p. 240, The Harrison Co., 1912.

one. It is to be rigidly and jealously guarded. Yet, in its protection and enforcement, it must not be so enlarged as to exceed its true scope and thereby made to exclude all inquiry into and consideration of purely legal matters by the trial judge which are in fact and reality merely careful and prudent preparation for the resumption and conduct of the trial." *Williams v. Virginia*, 188 Va. 583 (50 SE2d 407, 411).

In the case sub judice, the trial court elected to conduct an in chambers conference with counsel, albeit the conference was actually conducted in the courtroom as a matter of logistical convenience. The matter for decision was the State's request to present the testimony of three additional rebuttal witnesses to the jury in the absence of appellants and their co-defendant. In retrospect, we recognize that such a request could not have been granted, that the request was meritless on its face, and that the conference could have correctly led to only the trial court's inevitable decision rejecting the State's request. However, it is apparent that the trial court, perhaps confused by the security concerns of the witnesses related by the prosecuting attorney, did not immediately recognize the fundamental nature of the legal question before it. Being uncertain of the correct resolution of the legal issue, the trial court elected to proceed in the manner found defective by the majority.

In my view, the majority has extended the constitutional provisions at issue beyond their intended and commonly stated bounds. I would hold that a conference in chambers dealing solely with questions of law is not part of the trial in a constitutional sense. This is the rule which was at least implicitly adopted by our Supreme Court by citing a foreign jurisdiction case with approval for this proposition in *Ferrell v. State*, 261 Ga. 115, 122 (12) (401 SE2d 741). I would hold that the trial of the case sub judice was suspended while the trial court dealt with a question of law raised by the prosecuting attorney and that there was no constitutional error arising from the absence of appellants during consideration of that question of law. Furthermore, there was no action taken which had any material effect upon the case against appellants and their co-defendant and therefore no violation of the appellants' constitutional rights. *Andrews v. State*, 196 Ga. 84, 93 (1), 94 (26 SE2d 263) (not followed as to a different issue). See also *Gray v. State*, 229 Ga. 808 (194 SE2d 479).

As I find no merit in the remaining enumerations of error, I would affirm appellants' convictions. For these reasons, I respectfully dissent.

DECIDED MARCH 17, 1995.

*Richard S. Alembik,* for appellant (case no. A94A2345).
*Mercedes Murrell,* for appellant (case no. A94A2346).
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Anita T. Wallace, Assistant District Attorneys,* for appellee.