A96A1668. GOODROE v. THE STATE.
(480 SE2d 378)

ANDREWS, Chief Judge.

Willie Gene Goodroe appeals from the judgment entered on a jury verdict finding him guilty of three counts of rape and one count of aggravated assault with intent to rape.

1. Goodroe enumerates as error that the trial court violated his Sixth Amendment right under the United States Constitution to be present during his trial by conducting a portion of the jury selection process in his absence.

Goodroe was absent from the courtroom for a period of time just prior to and during a portion of the voir dire of prospective jurors. The State concedes that Goodroe was not present during this time because he was confined at the jail, and the Sheriff's office was late in bringing him from the jail to the courtroom. With the prosecutor and Goodroe's defense counsel present, the trial court told the prospective jurors they were there for the trial of Goodroe's case, explained that the jury selection process was about to begin, and administered the oath required by OCGA § 15-12-132 to the prospective jurors. The record indicates that Goodroe was not present in the courtroom at this time. In Goodroe's absence, the trial court then propounded the statutory voir dire questions set forth in OCGA § 15-12-164 to the prospective jurors as a group. Immediately thereafter, with Goodroe still absent, the prosecutor began questioning the prospective jurors as a group as to whether any of them knew defense counsel or Goodroe. Six prospective jurors indicated they knew Goodroe. After the prosecutor had individually questioned five of these prospective jurors as to their knowledge of the defendant, Goodroe was brought into the courtroom. Goodroe was present during the remainder of the jury selection process.

Goodroe's Sixth Amendment right to be present during his trial on criminal charges stems from the Sixth Amendment's confrontation clause, which guarantees him the right to confront and cross-examine the witnesses against him. See also the right to confrontation in the Georgia Constitution, Art. I, Sec. I, Par. XIV. In addressing Goodroe's claim under the Sixth Amendment, the inquiry is not whether jury selection was a critical stage of the proceedings at which he had a right to be present, but whether Goodroe's absence interfered with his opportunity for effective cross-examination. *Kentucky v. Stincer*, 482 U. S. 730, 740, 744, n. 17 (107 SC 2658, 96 LE2d 631) (1987). Since Goodroe's absence just prior to and during a portion of the jury selection process obviously had no bearing on his opportunity for effective cross-examination, no Sixth Amendment right was violated.

Even though Goodroe's enumeration of error complains that his absence from a portion of the jury selection process violated the Sixth Amendment, it is apparent from a review of the record that he seeks to assert a claim that his absence from a portion of jury selection violated his right to be present at trial under Art. I, Sec. I, Par. XII of the Georgia Constitution. Accordingly, we will address this issue even though the enumeration of error fails to clearly assert it. OCGA § 5-6-48 (f).[1]

---

[1] Although Goodroe's enumeration of error might also be construed as a claim that his

Pursuant to Art. I, Sec. I, Par. XII of the Georgia Constitution, "[i]t is the legal right of a person accused of crime in this State to be present at all stages of his trial. . . ." *Wilson v. State*, 212 Ga. 73, 74-75 (90 SE2d 557) (1955). " 'The accused and his counsel have the right to be present at every stage of the proceedings and personally see and know what is being done in the case. To say that no injury results when it appears that what occurred in their absence was regular and legal would, in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice. [Cits.]' " Id.; *Perry v. State*, 216 Ga. App. 749, 750 (456 SE2d 89) (1995).

The right may be waived by the defendant personally, or by defendant's counsel if counsel does so in the defendant's presence or pursuant to the defendant's express authority, or the defendant may subsequently acquiesce in counsel's waiver. *Wilson*, supra at 77-78; *Parker v. State*, 220 Ga. App. 303, 311-312 (469 SE2d 410) (1996). There is nothing, however, in the present record showing a waiver of the right by Goodroe or his defense counsel. Even though defense counsel was present in Goodroe's absence and made no objection, this does not waive the right or prevent error from being asserted on appeal. *Fictum v. State*, 188 Ga. App. 348, 349-350 (373 SE2d 54) (1988). Moreover, Goodroe was not voluntarily absent, but was being held in pre-trial confinement by the State. Accordingly, it was the trial court's duty to see that Goodroe was brought from the jail to the courtroom when the trial commenced. *Tiller v. State*, 96 Ga. 430 (1) (23 SE 825) (1895); *Bonner v. State of Ga.*, 67 Ga. 510 (1881); *Fictum*, supra at 349-350.

The voir dire oath prescribed by OCGA § 15-12-132, which preceded voir dire, was not a "stage of the trial" or a "critical stage of the proceedings" such that Goodroe's absence alone during this proceeding would require reversal under the state constitutional provision. *Gilreath v. State*, 247 Ga. 814, 824 (279 SE2d 650) (1981); *Wilson*, supra; see *Bowden v. State*, 202 Ga. App. 802, 803 (415 SE2d 527) (1992). However, the subsequent voir dire of prospective jurors was a critical stage of the proceedings at which Goodroe had an absolute right to be present under Art. I, Sec. I, Par. XII of the Georgia Constitution. *Fictum*, supra; *Allen v. State*, 199 Ga. App. 365, 367 (405 SE2d 94) (1991); compare *Stone v. State*, 177 Ga. App. 750, 751 (341 SE2d 280) (1986).

Ordinarily, after concluding that a constitutional right has been violated in a criminal trial, we would determine whether under the

---

absence during a portion of the jury selection process violated his right to be present at trial under the Due Process Clause of the Fourteenth Amendment of the United States Constitution (see *Kentucky v. Stincer*, supra at 745), we do not address this issue.

circumstances the violation was harmless beyond a reasonable doubt. See *LaRue v. State*, 137 Ga. App. 762, 764 (224 SE2d 837) (1976). But in the present case, even though a violation of a defendant's right to be present at trial pursuant to the Sixth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution may be subject to a harmless error analysis (see *State v. Fletcher*, 252 Ga. 498 (314 SE2d 888) (1984)), the Georgia Supreme Court has refused to apply a harmless error analysis to a criminal defendant's right to be present at a critical stage of the trial pursuant to Art. I, Sec. I, Par. XII of the Georgia Constitution. *Wilson*, supra, and *Tiller*, supra (reversible error where defendants absent for a portion of the State's closing argument, and no necessity to show injury); *Rider v. State*, 195 Ga. 656, 659 (6) (25 SE2d 304) (1943) (reversible error to charge the jury in the absence of the defendant; no defense to say that no injury resulted from the error); see *Gilreath*, supra at 824. Accordingly, the violation of Goodroe's state constitutional right under Art. I, Sec. I, Par. XII to be present during voir dire of prospective jurors requires reversal of the convictions. *Fictum*, supra; see *Perry*, supra. The case of *Smith v. State*, 182 Ga. App. 623 (356 SE2d 702) (1987), is overruled to the extent it may be read as applying a harmless error analysis to a defendant's right to be present at a critical stage of a trial pursuant to Art. I, Sec. I, Par. XII of the Georgia Constitution.

2. Goodroe claims the trial court erroneously admitted similar transaction evidence showing he committed a prior rape. Since no objection was made when the similar transaction evidence was introduced during the trial, this claim was waived and presents nothing for appellate review. *Sapeu v. State*, 222 Ga. App. 509, 510 (474 SE2d 703) (1996); *Hunter v. State*, 202 Ga. App. 195, 197-198 (413 SE2d 526) (1991).

3. Because the defendant's absence during a portion of the jury selection process requires reversal of the convictions, and the evidence may not be the same on another trial of the case, no ruling will be made on Goodroe's claim that the evidence was insufficient to support the convictions. *Rider*, supra at 661. The remaining enumerations of error raise questions not likely to recur on re-trial.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson and Blackburn, JJ., and Senior Appellate Judge Harold R. Banke concur. Beasley and Ruffin, JJ., concur in the judgment only.*

DECIDED JANUARY 28, 1997 — 

*David J. Grindle*, for appellant.

*J. Gray Conger, District Attorney, Mark C. Post, Samuel G. Merritt, Assistant District Attorneys*, for appellee.