## A07A0707. SMALL v. THE STATE.
(646 SE2d 292)

PHIPPS, Judge.

Herbert Small was convicted of numerous offenses and was given a mandatory sentence of life imprisonment, without parole. He claims that the trial court erred by conducting a sentencing discussion outside his presence. We find no merit in Small's claim and therefore affirm.

During jury deliberations, the trial court and counsel engaged in a discussion when Small was absent from the courtroom. The discussion involved whether a mandatory sentencing provision would be applicable if Small was found guilty. Small claims that he had the right to be present during that discussion pursuant to the Sixth Amendment of the United States Constitution and Article I, Section I, Paragraph XII of the Georgia Constitution.

Small's Sixth Amendment right to be present during his trial on criminal charges stems from the amendment's confrontation clause, primarily the right of cross-examination guaranteed by that clause.[1] To determine whether the confrontation clause has been violated, the appropriate inquiry is whether there has been any interference with the defendant's opportunity for effective cross-examination, not whether a particular proceeding is critical to the outcome of a trial.[2] Small's absence from a discussion that took place during jury deliberations clearly had no bearing on his opportunity for effective cross-examination. Thus, no Sixth Amendment right was violated.[3]

We now consider Small's claim under the Georgia Constitution. "A criminal defendant has the right to be present during all portions of his or her trial, and a defendant's absence during a critical stage of those trial proceedings, absent a waiver of the defendant's right to be present, is not subject to harmless error analysis."[4] Because the discussion that took place in Small's absence involved a legal issue about which he presumably had little or no knowledge, he would not have made a meaningful contribution nor gained anything by being present. Thus, the discussion was not one of those proceedings at which he had an unequivocal right to be present.[5]

---

[1] *Goodroe v. State*, 224 Ga. App. 378, 379 (1) (480 SE2d 378) (1997).

[2] *Kentucky v. Stincer*, 482 U. S. 730, 744, n. 17 (107 SC 2658, 96 LE2d 631) (1987).

[3] See *Goodroe*, supra.

[4] *Wilkerson v. State*, 269 Ga. App. 190, 193 (3) (603 SE2d 728) (2004) (citations and punctuation omitted).

[5] See *Huff v. State*, 274 Ga. 110, 111-112 (2) (549 SE2d 370) (2001).

Furthermore, although sentencing is a critical stage at which a defendant is generally entitled to be present,[6] Small was not sentenced at that time. The court conducted the sentencing hearing after the jury returned its verdict. Small and his counsel were present for the entire sentencing hearing when the information relied upon by the court for its sentencing decision was admitted, and Small had the opportunity to present evidence and to object, but did neither. "We conclude that [Small] was present for sentencing sufficient to satisfy the demands of due process."[7]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED APRIL 30, 2007 —
RECONSIDERATION DENIED MAY 18, 2007 — 

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney*, for appellee.

---

[6] *Robertson v. State*, 280 Ga. 885, 886 (635 SE2d 138) (2006).

[7] *Wilkerson*, supra.