25143. DAUGHERTY v. THE STATE.

</div>

FRANKUM, Justice. The appellant was convicted of rape with a recommendation of mercy, and thereupon was sentenced

to life imprisonment. He appealed "from the judgment of conviction and sentence . . . and the order denying [his] motion for new trial, as amended." In this court counsel for the appellant argues and insists on only two points raised by the enumeration of errors, and our discussion will be confined to those two points.

1. One of appellant's contentions is that a part of the trial was conducted out of his presence when he had not expressly or impliedly waived his right to be present at all stages of the trial. In this connection the record and transcript shows that at one point during the course of the trial in the courtroom, and after the jury had been excused during the argument on an objection with respect to the admissibility of a document which the State had tendered in evidence, counsel for the accused stated "May it please the Court, may I talk with the Court out of the presence of the jury?", whereupon the judge and counsel for the State and counsel for the accused, together with the court reporter, retired to the judge's chambers at the suggestion of the judge that to do so would be easier than for the jury to retire. The accused was present in the courtroom when this was done, and neither he nor his counsel made any objection to the action of the trial judge. Thereafter, the judge and counsel for both parties together with the court reporter returned to the courtroom, and the trial continued. No objection or motion for a mistrial was made either before or after this incident until the question was raised for the first time in the appellant's enumeration of errors before this court. Under these circumstances the defendant waived his right to be present during the conference between the court and counsel and this cannot now be made the basis of the grant of a new trial. *Smith v. State,* 59 Ga. 513 (1) (27 AR 393); *Johnson v. State,* 154 Ga. 529 (2) (114 SE 713); *Swain v. State,* 162 Ga. 777, 783 (135 SE 187); *Wilson v. State,* 212 Ga. 73, 77 (90 SE2d 557).

2. The other contention of the appellant is that the trial court erred in admitting in evidence the answer of the defendant's wife to a question asked her on cross examination. The transcript shows that this witness had testified on direct examination that she and the defendant were married in 1941. After being shown certain documents which were not

admitted in evidence she admitted on cross examination by the assistant district attorney that the correct date of the marriage was in 1946. The contention that this put the defendant's character in issue is without merit. Counsel for the State had the right to interrogate the witness with respect to anything she had testified to on direct examination which would tend to impeach or discredit her. Even if it can be said that the answer admitted over defendant's objection did put his character in issue, this was no ground for excluding it. *Tiller v. State*, 111 Ga. 840 (36 SE 201); *Whippler v. State*, 218 Ga. 198, 200 (3) (126 SE2d 744); *Light v. State*, 104 Ga. App. 839 (123 SE2d 201).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 16, 1969—DECIDED MAY 8, 1969.

*Garland & Garland, Reuben A. Garland, E. G. Shaffer,* for appellant.

*Richard Bell, District Attorney, Dennis F. Jones, Arthur K. Bolton, Attorney General,* for appellee.