## 29911. HARWELL v. ENGLAND.

HALL, Justice.

Harwell, confined in the Georgia Industrial Institute, appeals from the Habersham Superior Court's judgment denying him the relief sought in his habeas corpus petition. His two-pronged claim is that his 1973 murder conviction is void because he was not aware of his right to attend and did not attend the jury's view of the scene of the crime. He argues that the fact that he was not made aware of that right violated his rights under Georgia law and under the Federal Constitution. The habeas court, following a hearing on the petition, found that Harwell's rights had not been abridged. Witnesses at the hearing were Harwell, his trial prosecutor, and the deputy sheriff who accompanied the jury on the view and pointed out agreed-upon aspects of the site. The habeas court ruled that Harwell's right to attend the view as set out in *Chance v. State,* 156 Ga. 428 (119 SE 303), had been waived by his counsel in his presence, which constituted an effective waiver under *Wilson v. State,* 212 Ga. 73 (90 SE2d 557). On the federal constitutional point, the court ruled that since Harwell's presence at the view would have served no purpose, his presence was not constitutionally required under applicable federal standards and no "right" existed to be waived. This second ruling was additionally grounded in the doctrine of harmless error.

1. Harwell contends here that Georgia case law following *Wilson,* supra, has established that counsel's waiver in defendant's "presence" imports the concept of defendant's intentional and intelligent waiver of a known right, in the Johnson v. Zerbst sense (304 U. S. 458), and that such waiver may not be found to have been made until it is shown that Harwell clearly knew of his right to

attend the "view." It is alleged that he did not have such knowledge and that nothing that transpired in court was adequate to inform him of the crucial, specific, fact of his right to attend.

Harwell's argument is well presented, but not persuasive. We find no authority requiring that waiver in accused's "presence" requires that he know or have been specifically warned of the right being waived. We note here that this point concerns Georgia law only, and not the waiver of a federal constitutional right, although even some federal constitutional rights may be waived with less than the Johnson v. Zerbst intelligent waiver. Schneckloth v. Bustamonte, 412 U. S. 218. (As the superior court correctly ruled, the Federal Constitution did not afford Harwell any right to attend the jury view.)

Moreover, as *Wilson v. State,* 212 Ga. 73, supra, ruled, another fashion in which defendant may waive the right to attend a jury view is by his subsequent acquiescence in the waiver by his counsel. We find such acquiescence here, as an additional reason to rule that a binding waiver occurred. In his appeal following his conviction (*Harwell v. State,* 230 Ga. 480 (197 SE2d 708)), Harwell did not raise this point concerning the jury view, and nothing in his testimony at the habeas hearing held on his petition alleged that he learned of his right to attend only after that appeal was filed. Harwell has failed to show that he repudiated his counsel's waiver when he first learned that the right existed. The burden is Harwell's to show the habeas court that his rights were violated, and his allegations in this regard are not sufficient to show such a violation. The transcript of the hearing contains no information whatever on when Harwell learned of his right to attend the view. The superior court correctly ruled that Harwell had waived his right under Georgia law to attend the jury view.

2. Harwell's second enumeration, that failure to inform him that he had a right to attend the jury view violated his due process rights under the Fourteenth Amendment to the Federal Constitution, is without merit for the reasons stated by the habeas court. See Snyder v. Massachusetts, 291 U. S. 97.

The habeas court did not err in its opinion remanding

Harwell to custody.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED MAY 5, 1975 — DECIDED JUNE 24, 1975.

*Thomas J. Killeen,* for appellant.

*Arthur K. Bolton, Attorney General, George L. Simpson, III, Lois F. Oakley, Deputy Assistant Attorneys General,* for appellee.