## 59956. PHILLIPS v. THE STATE.

SOGNIER, Judge.

One of Phillips' enumerations of error on this appeal pro se is that it was reversible error for the trial court to allow cross-examination of a state witness to proceed during appellant's absence, thus depriving him of his constitutional right to be present at all stages of the proceeding and confront the witnesses against him. We agree.

After sending the defendant (appellant) out of the courtroom, defense counsel waived defendant's presence during cross-examination of his (defendant's) wife, who was a principal state witness against him. When defendant returned to the courtroom after completion of the cross-examination the prosecutor stated: "The defendant requested that he be sequestered." The court then stated: "In fact, it was requested by the defense's attorney." The record fails to show that the waiver was made in the presence of the accused or by his express authority, or that he subsequently acquiesced in such waiver, as required. *Wilson v. State,* 212 Ga. 73, 78 (90 SE2d 557) (1955). See also *Miller v. State,* 13 Ga. App. 440, 442 (2) (79 SE 232) (1913). Hence, it was error to overrule this ground of the motion for new trial. *Wilson v. State,* supra.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 6, 1980 — DECIDED SEPTEMBER 2, 1980 —

Joseph H. Phillips, *pro se.*
William F. Lee, Jr., *District Attorney,* Marc E. Acree, *Assistant District Attorney,* for appellee.