### 36863. THE STATE v. PHILLIPS.

PER CURIAM.

Appellee was convicted of aggravated assault. The Court of Appeals (155 Ga. App. 509 (271 SE2d 656) (1980)) reversed the conviction on the ground that "[t]he record fails to show that . . . [counsel's] waiver [of appellee's confrontation rights] was made in the presence of the accused or by his express authority, or that he subsequently acquiesced in such waiver, as required. *Wilson v. State,* 212 Ga. 73, 78 (90 SE2d 557) (1955). See also *Miller v. State,* 13 Ga. App. 440, 442 (2) (79 SE 232) (1913)." On certiorari, we reverse.

Appellee's wife was a witness for the state. At the conclusion of her direct examination, the following transpired: "MR LEE: Your witness. MR. DAVIDSON: Excuse me just a moment. THE COURT: Mr. Davidson. (Conferring.) Let the record reflect that Counsel for the Defendant waives the presence of the Defendant in the Courtroom. In fact, he was the one that sent him out by the bailiff. During the cross-examination of the witness, who happens to be his

wife, who is the Defendant's wife. Go ahead, Mr. Davidson. MR. DAVIDSON: Yes, sir, your Honor. Thank You!" After cross-examination of Mrs. Phillips was completed, the court and the district attorney had the following exchange: "THE COURT: Alright. Come down. Call your next witness, Mr. Lee. MR. LEE: Call Otis Furgerson to the stand, your Honor. Now, the Defendant, your Honor, is back in the Court Room. THE COURT: Let the Record reflect that the Defendant is back in the Courtroom. MR. LEE: Now, let's back up and make sure that we are back on the Record here. The Defendant requested that he be sequestered — THE COURT: In fact, it was requested by the Defense's attorney. MR. LEE: Yes sir. THE COURT: That he not remain in the Courtroom while he cross-examined the witness on the stand which happens to be the Defendant's wife. As soon as the cross-examination was over, the Defendant came back into the Courtroom. MR. LEE: And, the Defendant is now present in the Courtroom. THE COURT: Right." Subsequently, appellee took the stand and testified in his own defense.

Although the state contends that appellee was "free on bail," there is nothing in the record to support this contention. We shall therefore assume that appellee was in custody during trial.

1. Appellee asserts he "did not know he had a constitutional right to be present when his wife testified and no one advised him that he had that right." Thus, he argues, there could be no waiver of his constitutional right to be present during the cross-examination of his wife. See Johnson v. Zerbst, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1938).

(A) We note at the outset that it is not entirely clear, as a matter of federal constitutional law, whether a criminal defendant accused of a felony and in custody may waive the right to be personally present during trial. In Lewis v. United States, 146 U. S. 370, 372 (13 SC 136, 36 LE 1011) (1892), it is stated: "A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. While this rule has, at times and in the cases of misdemeanors, been somewhat relaxed, yet in felonies, it is not in the power of the prisoner, either by himself or his counsel, to waive the right to be personally present during the trial." In Diaz v. United States, 223 U. S. 442, 455 (32 SC 250, 56 LE 500) (1912), the court stated: "In cases of felony our courts, with substantial accord, have regarded it [the right to be present] as extending to every stage of the trial, inclusive of the empaneling of the jury and the reception of the verdict, and as being scarcely less important to the accused than the right of trial itself. And with like accord they have regarded an

accused who is in custody and one who is charged with a capital offense as incapable of waiving the right; the one, because his presence or absence is not within his own control, and the other because, in addition to being usually in custody, he is deemed to suffer the constraint naturally incident to an apprehension of the awful penalty that would follow conviction." However, recent federal cases have questioned the "validity of the *Lewis* dictum . . . in view of the subsequent adoption of [Federal] Rule [of Criminal Procedure] 43 and of the decision in Illinois v. Allen, 397 U. S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)." United States v. Alper, 449 F2d 1223, 1232 (3rd Cir. 1971); Wilson v. Harris, 595 F2d 101, 104 (fn. 3) (2d Cir. 1979); State of Arizona v. Hunt, 408 F2d 1086, 1096 (6th Cir. 1969); see also United States v. Brown, 571 F2d 980, 986 (6th Cir. 1978). But see United States v. Crutcher, 405 F2d 239 (2d Cir. 1968); Cross v. United States, 325 F2d 629, 631 (D.C. Cir. 1963); Evans v. United States, 284 F2d 393, 394 (6th Cir. 1960).

Our view is in accord with those federal decisions which have held that the dicta of Lewis and Diaz do not accurately reflect the current state of the law. Clearly, under the circumstances of this case, a blanket rule of non-waiver would be inappropriate. While appellee was, presumably, in custody and stood accused of a felony, he was in open court and represented by counsel. The only sense in which the state "controlled" appellee's absence was in its failure to raise any objection when appellee left the courtroom.

As appellee was capable of waiving his right to be present during the cross-examination of his wife, we must determine whether he had, in fact, done so.

(B) "Confrontation rights are personal to the accused . . ." *Byrd v. Ricketts,* 233 Ga. 779, 780 (213 SE2d 610) (1975); see also United States v. Johnson, 562 F2d 649, 662 (fn. 5) (D.C. Cir. 1976); United States v. Pinkney, 551 F2d 1241, 1251 (fn. 60) (D. C. Cir. 1976). "[I]n order for the waiver of counsel to be binding on the defendant, it must be made in his presence or by his express authority, *or be subsequently acquiesced in by him."* (Emphasis supplied.) *Wilson v. State,* supra at 77-78. Compare Webb v. State, 589 SW2d 89 (Mo. App. 1979); State v. Sanders, 539 SW2d 458 (Mo. App. 1976).

While the record in this case does not show that appellee was in the courtroom when counsel expressly waived appellee's presence during the cross-examination of his wife, it does affirmatively establish that appellee was present when the trial judge and district attorney recounted the events leading to his brief sequestration. At this time, appellee remained silent. Compare *Wilson v. State,* supra. In our view appellee acquiesced in counsel's waiver of his right to be present during the cross-examination of his wife. *Wilson v. State,*

supra; *Harwell v. England,* 234 Ga. 640 (217 SE2d 154) (1975); *Daugherty v. State,* 225 Ga. 274 (168 SE2d 155) (1969).

(C) Contrary to appellee's assertions, a waiver of confrontation rights is not necessarily precluded by the failure of the trial court to specifically inform the accused of his right to be present. *Harwell v. England,* supra at 641. In Taylor v. United States, 414 U. S. 17 (94 SC 194, 38 LE2d 174) (1973), the accused, who was free on bond, absented himself from trial during recess and thereafter failed to appear. In affirming the conviction, the court held: "It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, see Stack v. Boyle, 342 U. S. 1, 4-5 (1951), entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, 'that a defendant who flees from a courtroom in the midst of a trial — where judge, jury, witnesses and lawyers are present and ready to continue — would not know that as a consequence the trial could continue in his absence.' 478 F.2d, at 691." Id. at 20; see also State v. Stout, 273 NW2d 621, 622-623 (Minn. SC 1978); Dixon v. State, 357 S2d 690, 699 (Ala. Crim. App. 1978). In Illinois v. Allen, supra at 343, it was held "that a defendant can lose his right to be present at trial if, after he had been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom. Once lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings."

Under the facts of this case, we cannot believe that appellee was unaware of his right to be present during the cross-examination of his wife. His trial began as follows: "THE COURT: Alright. Call the Case of the State of Georgia versus Joseph Hugh Phillips, charged with Aggravated Assault. MR. DAVIDSON: Ready, your Honor. (Waiting for the Defendant Phillips to appear in the Courtroom.) Here he is, your Honor. THE COURT: Alright. Call the first twenty-four jurors, Mrs. Traylors." With the exception of appellee's brief absence during his wife's cross-examination, he was present throughout the trial of his case. His temporary absence appears to have been the product of a deliberate tactical decision made by counsel.[1] Appellee's acquiescence in counsel's express waiver was both "knowing" and

---

[1] ABA Standards, Compilation, The Defense Function, § 5.2 (Control and

"voluntary" (see United States v. Tortora, 464 F2d 1202, 1208 (2d Cir. 1972); Taylor v. United States, supra.) and his absence during the cross-examination of his wife is not ground for reversal. *Wilson v. State,* supra. The Court of Appeals erred in finding to the contrary.

2. The judgment is reversed and the case is remanded to the Court of Appeals for consideration of appellee's remaining enumerations of error.

*Judgment reversed. All Justices concur except, Smith, J., who dissents.*

DECIDED MARCH 3, 1981.

William F. Lee, District Attorney, Marc E. Acree, Assistant District Attorney, for appellant.

Joseph H. Phillips, *pro se.*

SMITH, Justice, dissenting.

I believe the judgment of the Court of Appeals was correct and should be affirmed. I respectfully dissent.

1. The majority holds that appellee's "acquiescence" in counsel's waiver of his right to be present during the cross-examination of his wife was a "knowing" and "voluntary" waiver of Sixth Amendment confrontation rights on the part of appellee. I believe this conclusion is unsupported by the record.

The right of an accused to be present at all stages of his trial has historically been regarded "as being scarcely less important . . . than the right of trial itself." Diaz v. United States, 223 U. S. 442, 455 (32 SC 250, 56 LE 500) (1912). In recognition of the traditional status of confrontation rights, this court has steadfastly held that they "are personal to the accused . . ." *Byrd v. Rickets,* 233 Ga. 779, 780 (213 SE2d 610) (1975). Before waiver of confrontation rights can be found, the state must meet the "appropriately heavy burden" set forth in

---

direction of the case), pp. 127-128 (1974) provides: "(a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf. (b) The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. (c) If a disagreement on significant matters of tactics or strategy arises between the lawyer and his client, the lawyer should make a record of the circumstances, his advice and reasons, and the conclusion reached. The record should be made in a manner which protects the confidentiality of the lawyer-client relation."

Johnson v. Zerbst, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1938)
— it must establish "an intentional relinquishment or abandonment
of a known right or privilege." See Schneckloth v. Bustamonte, 412 U.
S. 218, 236-237 (93 SC 2041, 36 LE2d 854) (1973); see also United
States v. Tortora, 464 F2d 1202, 1208 (2d Cir. 1972); United States v.
Morotta, 518 F2d 681, 684 (9th Cir. 1975).

As the majority notes, a criminal defendant may impliedly waive
the right to be present at trial, even in the absence of a showing that
he has been specifically informed of his confrontation rights.
However, the circumstances under which such a waiver has been
found are exceedingly limited. They have generally demonstrated an
open defiance of or indifference to the judicial process on the part of
the accused. See Taylor v. United States, 414 U. S. 17 (94 SC 194, 38
LE2d 174) (1973); Illinois v. Allen, 397 U. S. 337 (90 SC 1057, 25 LE2d
353 (1970). Appellee has not been shown to have engaged in any
improper conduct.

The record in this case does not establish that appellee knew he
had a right to be present during the cross-examination of his wife.[1]
There is no indication that the trial court or counsel informed him
that he had a right to be present or that appellee had independently
learned of this right. While the record shows that appellee acquiesced
in counsel's "request" that "he not remain in the courtroom"[2] during
his wife's cross-examination, it does not appear that appellee knew
the decision to remain within or leave the courtroom was, legally, his
own or that he had any role in the decision that was in fact made.
In view of the rule that "courts must indulge every reasonable
presumption against the loss of constitutional rights" (Illinois v.
Allen, supra at 343), it is inconceivable to me that the state has met
its burden of establishing "an intentional relinquishment or aban-
donment of a known right or privilege" (Johnson v. Zerbst, supra
at 464).

2. Where an error of constitutional dimension has been
committed, the state, in order to establish harmless error, must
demonstrate that it was harmless beyond a reasonable doubt.

---

[1] The Sixth Amendment problem presented by this case could have been avoided
if, prior to leaving the courtroom, appellee had been informed of his right to be
present throughout the trial of his case.

[2] This is the language used by the trial court in recounting counsel's purported
waiver of appellee's right to be present during the cross-examination of his wife.
Although appellee was in the courtroom at the time the trial court recounted what
had transpired in his absence, the court's recollection clearly did not provide
appellee with sufficient information to make a knowing waiver of his confrontation
rights.

Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967).

In United States v. Toliver, 541 F2d 958, 964-965 (2d Cir. 1976), the court states: "Although we indicated in United States v. Crutcher, 405 F.2d 239 (2d Cir. 1968), cert. denied, 394 U. S. 908, 89 S.Ct. 1018, 22 L.Ed. 2d 219 (1969), that a defendant's absence during the empanelling of a jury might be too basic to be treated as harmless, see also United States v. Clark, 475 F.2d 240, 247 (2d Cir. 1973), we did so on the ground that his absence during jury selection might prejudice him in ways impossible to determine on an appellate record, because it would deny him 'his prerogative to challenge a juror simply on the basis of the "sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks [or] gestures of another.["]' 405 F.2d at 244, quoting Lewis v. United States, 146 U. S. 370, 376, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). This reasoning might justify a rule that would require automatic reversal when a defendant has been denied his right to participate in the jury selection process. However, it does not support an extension of such a per se rule to all stages of a trial. During the cross-examination of a witness, for instance, a defendant does not exercise any absolute prerogative comparable to a peremptory challenge. He may assist his counsel in preparing the cross-examination and suggest areas to be explored or avoided, but the extent to which his absence may impair his ability to do so is capable of appraisal by a reviewing court. When, for example, the witness' testimony concerns matters of which the defendant has no knowledge, it strains credulity to think that the absent defendant might have helped to produce a more effective cross-examination if he had been present. While the defendant's presence during testimony may sometimes serve a psychological function by impressing witnesses with the consequences which may hang upon their testimony, this too may be accomplished by other means as, for instance, by the presence of co-defendants. Finally, when a defendant has been absent during testimony, a trial judge may take corrective measures . . . and the effectiveness of these measures is also open to appraisal in most cases." On the basis of this analysis, the court in Toliver found a violation of the Sixth Amendment right to confrontation harmless beyond a reasonable doubt.

In the instant case, appellee was absent during the cross-examination of a primary state's witness who happens to be his wife. Compare United States v. Toliver, supra. The witness provided highly damaging testimony on cross-examination. In view of the nature of her testimony and her close personal relationship to the accused, I cannot find that the Sixth Amendment violation in this case was harmless beyond a reasonable doubt. I therefore conclude,

as did the Court of Appeals, that appellee's conviction should be reversed.