LEHAN, Judge.
Defendant appeals from his conviction of manslaughter. We affirm.
Defendant argues that error occurred because he was not present when the trial court discussed with counsel for the defendant and counsel for the state the nature of the response to be made by the court to certain requests by the jury during its deliberations. The jury requested a copy of the indictment and the playing of certain taped statements which had already been played to the jury. The court provided the copy of the indictment, with allegations of premeditation deleted because a' verdict for defendant on premeditated murder had already been directed. The court also provided the jury with a playing of the taped statements.
Under certain language of Ivory v. State, 351 So.2d 26 (Fla.1977), defendant’s absence during the discussion would appear to be prejudicial error. However, in contrast to the facts of Ivory, defendant in the case before us was present when the trial court responded to the jury requests, and defendant’s counsel participated in the discussion as to how to respond. Additionally, during the discussion defendant’s counsel made no objection to defendant’s absence. The issue is raised for the first time on appeal. In Ivory it was stated that defendant's absence was prejudicial error, but Ivory did not state that defendant’s absence would be reversible error in all eases. In Ivory the defense counsel made a motion for mistrial, and the Ivory opinion does not discuss the matter of a waiver of an objection to defendant’s absence. We do not believe that Ivory requires a finding of reversible error under the facts of this case. We find that defendant did not preserve this argument for appeal. See Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1943). See also People v. Wright, 124 Ill.App.2d 223, 260 N.E.2d 265 (1970); Daugherty v. State, 225 Ga. 274, 168 S.E.2d 155 (1969); People v. Baker, 164 Cal.App.2d 99, 330 P.2d 240 (3d Dist.1958).
Defendant also argues that allowing the jury to hear a tape recording of his questioning by a police officer, during which the police officer referred to several statements by defendant’s co-perpetrator, violated defendant’s constitutional right to confront and cross-examine his accusers, citing Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, only defendant was on trial in the proceeding below. The statements were not by a nontestifying codefendant in a joint trial. No violation of the Bruton rule has been shown. The officer’s references to the co-perpetrator’s statements were inadmissible hearsay, however, which raises the question of whether the admission of the testimony was harmful error. We find that the error was harmless in light of defendant’s admissions in his own confession.
AFFIRMED.
HOBSON, A.C.J., and RYDER, J., concur.