72510. BISHOP v. THE STATE.
(347 SE2d 350)

BIRDSONG, Presiding Judge.

Billy Bishop, the defendant, brings this appeal from the denial of his renewed plea of former jeopardy. Bishop was indicted for the offenses of aggravated assault and carrying a pistol at a public gathering. His case was called for trial, a jury was selected, sworn, and then excused until the next day. Before the court convened the following morning, a juror spoke to the trial judge and advised him she could not serve because of religious scruples. That is, she could not sit in judgment on another person because of her religious belief. A hearing was held on the juror's qualifications and the court questioned her to

determine why she had not revealed the disqualification the prior day on voir dire. The juror stated she had made a mistake. The trial court held the juror in contempt and, because no alternate had been selected, "dismiss[ed] the jury subject to recall." Defense counsel moved for "a judgment of acquittal" because jeopardy had attached and through no fault of the defense, the jury had been dismissed. The trial court reserved ruling on the motion and adjourned.

Four days later, the court issued an order which declared a mistrial because of the failure of the jury to respond correctly to voir dire qualification questions and cited OCGA § 16-1-8 (e) (2) (D) and *Jones v. State*, 232 Ga. 324 (206 SE2d 481). The code provides that "[t]ermination under any of the following circumstances is not improper. . . . (2) The trial court finds that termination is necessary because. . . . (D) False statements of a juror on voir dire prevent a fair trial." OCGA § 16-1-8 (e) (2) (D). *Jones*, supra, involved the issue of double jeopardy following excusal of a juror after the jury had been impaneled and the trial court was advised that one juror had an unfriendly relationship with the prosecuting witness and her husband regarding the defendant, but had failed to inform the court when voir dired. A mistrial was declared.

The Supreme Court discussed the right of an accused, once his jury has been sworn and impaneled, to have his trial proceed to judgment before the jurors selected and that the declaration of a mistrial is subject to the stringent limitations of "manifest necessity." 232 Ga. at 326-327. The court cited and considered a number of cases involving excusal of jurors, after the jury had been impaneled, and "the trial judge [had] received information which rendered suspect the ability of one or more of the jurors to reach an impartial verdict." 232 Ga. at 328. The exercise of the trial judge's discretion in declaring a mistrial was upheld and reprosecution was permitted over defendant's objections based on the double jeopardy clause of the U. S. Constitution. The Supreme Court found that federal law was supportive of the result they reached, e.g., "a trial judge over the defendant's objection may declare a mistrial because one of the jurors was 'acquainted with the defendant,' and therefore probably prejudiced against the Government." Id. at 329. Such action by the trial judge is a proper exercise of "power to prevent the defeat of the ends of justice; therefore, a manifest necessity existed. In such instance, the defendant's interest in proceeding to verdict is outweighed by the competing and equally legitimate demand for public Justice." Id.

In the present case, following the entry of the order declaring a mistrial, the defendant filed a motion of former jeopardy and a hearing was held. The court denied the motion from the bench but apparently an order was never filed with the clerk. Defendant appealed the denial of his former jeopardy to this court but we dismissed the ap-

peal because of the lack of a written judgment of the trial court. Anticipating the entry of a written judgment upon the filing of our remittitur in the trial court, this court "treat[ed] the substance of appellant's complaint in hopes of averting another appeal. . . ." *Bishop v. State,* 176 Ga. App. 357, 359 (335 SE2d 742). After return of the case to the trial court, the defendant filed a "Renewed Plea of Former Jeopardy," which was denied by written order of the court and defendant brings this appeal from this latter order. *Held*:

1. The denial of the defendant's renewed plea of former jeopardy is enumerated as error. Defendant's brief argues federal and state constitutional error and this appeal was first filed with the Georgia Supreme Court. That court forwarded the case to this court without comment. From such forwarding, we conclude that appellant's constitutional arguments that were within the Supreme Court's jurisdiction are without merit; the transfer requires this court to consider the enumerations on their merit by application of constitutional principles on questions which have been finally and conclusively determined by decisions of the Supreme Court. *Phillips v. State,* 229 Ga. 313 (191 SE2d 61).

Pretermitting the issue of whether the former decision of this court on the first appeal is res judicata as to all matters raised or which could have been raised, we will consider this enumeration of error on its merit. Although the first trial of the defendant ended in a mistrial after jeopardy had attached, retrial of a criminal defendant after a mistrial does not constitute double jeopardy "where there is manifest necessity for declaring a mistrial." *Glass v. State,* 250 Ga. 736, 738 (300 SE2d 812). Removal of the juror who had mistakenly misadvised the trial court as to her qualifications upon voir dire is authorized by OCGA § 16-1-8 (e) (2) (D). And, where a jury is deprived of the statutory minimum number by the proper removal of a juror, this is "manifest necessity." *Jones,* supra at 329. Retrial following a mistrial caused by "manifest necessity" is not barred by a plea of double jeopardy. *Arizona v. Washington,* 434 U. S. 497, 514-516 (98 SC 824, 54 LE2d 717).

2. In the instant case, defendant complains of the absence of himself or his counsel at the trial court's resolution of defendant's plea of former jeopardy which entailed a final dismissal of the jury and denial of the plea. However, we must note that the jury had already been dismissed "subject to recall" in the presence of the defendant and his counsel and the acts objected to amount to the decision making process of the trial court, probably in chambers. Defendant avers that under Georgia law he has "an absolute right to be present at all stages of his trial." We do not disagree with this broad statement as a general proposition of law. See *Williams v. State,* 251 Ga. 749, 798 (312 SE2d 40). However, in application of this

tenet, the theory is subject to limitations. The U. S. Supreme Court, in addressing this issue, held that "defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge. . . . Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow. . . . So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts*, 291 U. S. 97, 105-108 (54 SC 330, 78 LE 674).

We find no statutory or constitutional right to the presence of the defendant or his counsel at the time of decision of an issue by the trial court reached in chambers, on a plea or motion presented by the defendant. As the Supreme Court commented in *Snyder*, supra at 116, "the privilege, if it exists, is not explicitly conferred, nor has the defendant been denied an opportunity to answer and defend." Neither defendant nor his counsel has a right to be present in the trial court's chambers while he researches the law, writes his opinion, or signs his judgment. No authority in support of such a claim has been submitted by counsel and our research has revealed none. To the contrary, there is general law that the presence of an accused in an appellate court on appeal of his case is not required by due process of law. *Dowdell v. United States*, 221 U. S. 325, 331 (31 SC 590, 55 LE 753). As to lack of error in defendant's absence during pre-trial and post-trial motions, see Annot. 23 ALR 955, 961, § 3. Such right of presence by a defendant is generally confined to proceedings in the courtroom (*Illinois v. Allen*, 397 U. S. 337, 346 (90 SC 1057, 25 LE2d 353); 21A AmJur2d 104, Crim. L., § 693), except where counsel discusses the evidence with the judge in chambers. *Johnson v. State*, 136 Ga. App. 719 (222 SE2d 181); see also *Watkins v. State*, 237 Ga. 678 (229 SE2d 465). But, this latter right may be waived. *Daugherty v. State*, 225 Ga. 274 (168 SE2d 155). As to waiver of presence, generally see *State v. Phillips*, 247 Ga. 246 (1) (275 SE2d 323).

Our Supreme Court has adopted the rule of *Snyder*, supra, to the effect that "the presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Fowler v. Grimes*, 198 Ga. 84, 91 (31 SE2d 174). The presence of defendant or his counsel in the trial court's chambers during the decision making process is neither warranted nor desirable. A fair and just hearing is not thwarted by their absence and defendant has the right and opportunity to contest and appeal such decision. We find no error in the procedure followed, and do not read *Bagwell v. State*, 129 Ga. 170 (1) (58 SE 650) as

requiring a different result.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JULY 3, 1986.

*Richard Nettum*, for appellant.
*John R. Parks, District Attorney*, for appellee.