## S01A1315. WILSON v. THE STATE.
(555 SE2d 725)

HUNSTEIN, Justice.

Appellant Keith Wilson was convicted of the malice murder of Ashante McKine, two counts of aggravated assault on other individuals, and possession of a firearm during his commission of the crimes. Wilson was sentenced to life imprisonment for murder, three consecutive five-year terms for the firearms offenses, and two consecutive twenty-year terms on the aggravated assault offenses. The trial court denied Wilson's motion for new trial and he appeals.[1]

---

[1] The crimes occurred on August 25, 1999. Wilson was indicted by the Chatham County

1. The evidence presented at trial shows that on the day of the crimes Wilson had an argument with one of the victims, Keith McClain. Later, while McClain and others sat outside an apartment, Wilson and a friend, Malcolm Reeves, positioned themselves in an alleyway across the street. Wilson yelled to the victims that somebody was going to die. Shortly thereafter, Wilson withdrew a weapon and began shooting at the victims. McKine died as a result of a bullet which passed through his chest. Immediately after the gunshots were fired, Wilson ran a few streets away where he was seen giving "high fives" to a group of friends and boasting that he killed someone.

Construed in the light most favorable to the verdict, we find the evidence introduced at trial was sufficient to enable a rational trier of fact to find Wilson guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We reject Wilson's contention that the State failed to present sufficient evidence corroborating Reeves' testimony. Even assuming that Reeves' testimony required corroboration, only slight evidence is required and the sufficiency of the corroboration is a question for the jury. *Klinect v. State*, 269 Ga. 570 (1) (501 SE2d 810) (1998). Through the testimony of other witnesses, the State corroborated Reeves' testimony that Wilson and McClain had an altercation earlier in the day, Reeves and Wilson were standing in the alley just before the shooting occurred, Wilson made threatening statements to McClain and his friends from the alley, the shots came from the alley, both Reeves and Wilson ran from the alley immediately after the shooting, and Wilson was seen giving "high fives" and boasting that he "got one" minutes after the shooting. This evidence was sufficient to corroborate Reeves' testimony. See id.

3. Prior to trial the judge, prosecutor, and defense counsel participated in an in-chambers conference during which the parties outlined their cases and estimated the length of trial. The State also brought and the court ruled upon an oral motion in limine to exclude from trial any evidence of the crimes being drug-related or that McKine had drugs on his person at the time of his death. Wilson con-

grand jury on charges of malice murder, felony murder, five counts of aggravated assault and seven counts of possession of a firearm during the commission of a felony. He was tried before a jury on September 13-15, 2000. At the close of the State's case, the trial court dismissed two counts of aggravated assault and two related possession counts. Wilson was found guilty of the remaining counts and sentenced to life imprisonment for malice murder, three consecutive five-year terms for the possession charges, and two consecutive twenty-year terms for the aggravated assaults. The charges of felony murder, aggravated assault upon McKine, and related possession charges were vacated as a matter of law. A motion for new trial was filed on October 9, 2000, amended on January 25, 2001, and denied on March 15, 2001. Wilson filed a notice of appeal on April 3, 2001. The appeal was docketed in this court on May 29, 2001 and orally argued on September 17, 2001.

tends his absence from the conference violated his constitutional right to be present at all critical stages of the proceedings against him. We disagree.

It is well-established that a defendant has a constitutional right to be present at every stage of the proceedings materially affecting his case, Ga. Const. Art. I, Sec. I, Par. XII, and that the right to be present may be waived if the defendant later acquiesces in the proceedings occurring in his absence. *Holsey v. State*, 271 Ga. 856, 860-861 (5) (524 SE2d 473) (1999); *Hudson v. State*, 250 Ga. 479, 483-484 (3) (a) (299 SE2d 531) (1983); *State v. Phillips*, 247 Ga. 246, 248 (1) (B) (275 SE2d 323) (1981). In this case, it is undisputed that Wilson was not present during the in-chambers conference. The record affirmatively establishes, however, that Wilson was present on at least three occasions when the issue of the State's motion in limine and the trial court's ruling on the motion was raised during trial and discussed at length by all parties. On each such occasion, Wilson's counsel made no objection to Wilson's absence from the in-chambers conference and Wilson remained silent. Accordingly, we find that under the circumstances of this case Wilson acquiesced in the proceedings which occurred during the in-chambers conference in his absence. See *Holsey*, supra; *Phillips*, supra.

4. The trial court did not err in granting the State's motion to exclude speculative defense evidence suggesting that the crimes were drug-related or that the victim was in possession of drugs at the time he was killed. See *Wayne v. State*, 269 Ga. 36 (5) (495 SE2d 34) (1998).

5. Wilson was arrested several days after the shooting when he was discovered hiding under a house by an officer searching for a suspect in an unrelated crime and the officer recognized Wilson as the suspect wanted for McKine's murder. The arresting officer testified to the circumstances of Wilson's arrest at trial and Wilson contends the admission of this testimony impermissibly placed his character in issue. Even assuming the admission of the arresting officer's testimony was error, we conclude that the error was harmless given the overwhelming evidence of Wilson's guilt and the fact that such evidence did not establish the commission of another crime. See *Benford v. State*, 272 Ga. 348 (3) (528 SE2d 795) (2000).

6. We reject Wilson's contention that there was a fatal variance between the State's allegation that he shot the aggravated assault victims and the evidence that he shot at those victims. Wilson was sufficiently informed of the charges against him so as to form a defense, and there was no danger that he could be prosecuted again for the same offenses. See *Hampton v. State*, 272 Ga. 284, 286 (3) (527 SE2d 872) (2000); *Battles v. State*, 262 Ga. 415 (5) (420 SE2d 303) (1992).

7. The trial court did not err in refusing to charge the jury on the legal issues of immunity and leniency as there was no evidence to support Wilson's assertion that Reeves testified in exchange for immunity or leniency. See *Monsalve v. State*, 271 Ga. 523 (3) (519 SE2d 915) (1999).

8. The trial court did not err in charging the jury on parties to a crime. The State presented evidence from which the jury was authorized to find that Wilson committed the crimes charged as either a direct participant or as a party to the crimes. " 'Where there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue. (Cits.)' [Cit.]" *Rhodes v. State*, 271 Ga. 481, 483 (3) (521 SE2d 579) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 2001 —
RECONSIDERATION DENIED DECEMBER 14, 2001.

*Jackson & Schiavone, Steven L. Sparger, Charles C. Grile*, for appellant.

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.