A03A0493. WADE v. THE STATE.
(583 SE2d 251)

PHIPPS, Judge.

After a jury trial, Renardo Wade was convicted of armed robbery, kidnapping, and possession of a firearm during the commission of a felony. His motion for new trial was denied. On appeal, Wade contends that the evidence was insufficient to support his convictions,

---

that the prosecutor engaged in misconduct, and that the trial court erred in charging the jury and in denying his motion for a new trial. As these contentions are without merit, we affirm.

1. Wade challenges the sufficiency of the evidence. Viewed in the light most favorable to the jury's verdicts, the evidence showed that at about 11:45 p.m. on October 29, 1998, Todd Peneguy was walking home when two men ordered him to stop. Peneguy saw that the shorter of the men was aiming a gun at him. He froze and soon felt a gun pressed to the back of his head. The men grabbed Peneguy's wallet, found his cash card inside, and then directed him to walk to a nearby cash machine. The men followed Peneguy closely, directing his path and threatening to kill him if he tried "anything stupid." At some point, the taller man stopped following Peneguy. Peneguy glanced back and saw the shorter man's face. When they reached a well-lit area where there were groups of people nearby, Peneguy sprinted away, yelling, "He's going to kill me." The commotion attracted the attention of bystanders, including Talcott Printz, who began chasing the assailant. Twice, the assailant looked back and Printz saw his face. Police took over the chase, apprehending the assailant and recovering Peneguy's wallet from the vicinity of the chase. No gun was found.

At trial, Peneguy identified Wade as the shorter of the men, who had taken his wallet at gunpoint and forced him to walk toward a cash machine. Also, Printz identified Wade as the man he had chased.

In challenging the sufficiency of the evidence, Wade points to what he claims are conflicts and weaknesses in the evidence. But such issues were for the jury to decide.[1] This court does not weigh the evidence or determine witness credibility, but only determines whether the evidence, viewed in the light most favorable to the verdict, is sufficient under *Jackson v. Virginia*.[2] We uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] Here, the evidence was sufficient for the jury to find Wade guilty of armed robbery,[4] kidnapping,[5] and possession of a firearm during the commission of a felony.[6]

---

[1] *Williams v. State*, 254 Ga. App. 8 (561 SE2d 149) (2002).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams*, supra.

[3] *Williams*, supra.

[4] See *Jackson*, supra; OCGA § 16-8-41 (a); *Adsitt v. State*, 248 Ga. 237, 240-241 (6) (282 SE2d 305) (1981); *Williams*, supra at 10; *Short v. State*, 234 Ga. App. 633, 634-635 (1) (a) (507 SE2d 514) (1998).

[5] See *Jackson*, supra; OCGA § 16-5-40 (a); *Woodson v. State*, 273 Ga. 557, 558 (544 SE2d 431) (2001).

[6] See *Jackson*, supra; OCGA § 16-11-106; *Braithwaite v. State*, 275 Ga. 884, 888 (8) (572 SE2d 612) (2002).

2. Wade asserts that the prosecutor engaged in misconduct by "suggesting" to witnesses that he was the person who had perpetrated the crimes. We disagree. A fair reading of the cited portions of the transcript does not support Wade's claim.

3. Wade contends that the court erred in giving a charge on "parties to a crime," claiming that he was hampered by not knowing that the court would instruct the jury that a person may be charged with and convicted of a crime "if that person directly commits the crime or intentionally helps in the commission of the crime or intentionally advises, encourages or procures another to commit the crime."

The record does not support Wade's claim. It reveals that, in arguing against Wade's motion for directed verdicts on all counts, the prosecutor stated that the evidence showed that Wade was a party to the armed robbery "whether or not the defendant had [the gun]." It further reveals that the State requested the court to charge the jury that "Defendant may properly be convicted of possession of a firearm during the commission of a crime on the ground that he was a party or aider or abettor to the offense," and that the court announced during the charge conference that it would give that charge. While the court did not use that exact language, it tracked the suggested pattern charge on "parties to a crime."[7] The charge given was a correct statement of law and was adjusted to the evidence.[8] There was no error.[9]

4. Wade contends that the trial court erred in giving an improper sequential charge, asserting that the court instructed the jury that it must reach a unanimous verdict to acquit him of the indicted offense of kidnapping before it could consider the lesser offense of false imprisonment.[10] But the transcript does not show that the jury was charged that it must render a unanimous verdict on the indicted offense before considering the lesser offense. The court's instruction correctly tracked the pattern charge on lesser included offenses and thus avoided the possibility that jurors would mistakenly believe that a unanimous acquittal was required before it could consider the lesser offense.[11] There was no error.[12]

5. Wade has shown no basis for a new trial. The trial court did not err in denying his motion for a new trial.

---

[7] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 34 (2nd ed. 2001).

[8] OCGA § 16-2-20; see *Wilson v. State*, 274 Ga. 637, 640 (7) (555 SE2d 725) (2001).

[9] See *Wilson*, supra; *Greene v. State*, 257 Ga. App. 837, 841 (4) (572 SE2d 382) (2002).

[10] See *Cantrell v. State*, 266 Ga. 700, 702-703 (469 SE2d 660) (1996) (condemning the practice of requiring juries to unanimously agree on a greater offense before considering a lesser included offense).

[11] See *Kunselman v. State*, 232 Ga. App. 323, 325 (501 SE2d 834) (1998); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 15 (2nd ed. 2001).

[12] See *Jones v. State*, 256 Ga. App. 470, 474 (4) (568 SE2d 807) (2002).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 10, 2003.

*Hurl R. Taylor, Jr.,* for appellant.
*Paul L. Howard, Jr., District Attorney, Amira A. Arshad, Assistant District Attorney,* for appellee.