A05A0597. FOREHAND v. THE STATE.
(611 SE2d 78)

BLACKBURN, Presiding Judge.

Following a jury trial, David Lee Forehand appeals his convictions of rape, aggravated sodomy, and child molestation of a 14-year-old female, arguing that the court should have excluded his statement to police on the ground that Forehand was intoxicated when he gave the statement. Inasmuch as evidence showed that Forehand was coherent and acting voluntarily when he gave the statement, we affirm.

Construed in favor of the verdict, the evidence shows that within a period of 24 hours, Forehand twice sexually assaulted the child in a motel room. When the police knocked on the room's door, Forehand, who was naked below the waist, answered the door. Police found the naked, frightened female crying in the bathroom; she expressed heartfelt gratitude for their rescuing her.

Two hours after arresting Forehand, police informed him of his *Miranda* rights, which he waived by executing a written document. In this document, he placed his initials next to six individualized statements of each of those rights. Although evidence showed that Forehand had been drinking while at the motel and that police could tell he had been drinking, the interviewing police officer of 15 years' experience testified that Forehand appeared to understand each right, that he was not confused or disoriented, that his eyes were focused, that he was very coherent, that he understood the officer, that he answered the questions clearly, that he had no slurred speech or glassy eyes, and that he did not appear to be under the influence of alcohol. Forehand then gave a statement to police, which was recorded on audiotape. Test results on Forehand showed a blood alcohol level of 0.093.

---

[9] *Currington v. State*, 259 Ga. App. 654, 656-657 (578 SE2d 270) (2003).

Forehand moved to exclude the audiotape, contending that due to intoxication, he did not give the statement nor waive his rights voluntarily and intelligently. Following a *Jackson-Denno* hearing, the court denied the motion, finding that based on the evidence, Forehand was coherent and understood his rights at the time he gave the statement, and that he was not "under the influence of alcohol to the extent that it would remove his reasoning ability or his ability to voluntarily, intelligently, and freely waive his rights." During the jury trial, Forehand was cross-examined about the statement. Forehand was convicted of rape, aggravated sodomy, and child molestation.

Forehand argues that because of his intoxication, the court erred in admitting his audiotaped statement. "However, intoxication, standing alone, does not render a statement inadmissible. If the evidence is sufficient to establish that the defendant's statement was the product of rational intellect and free will, it may be admitted even if the defendant was intoxicated when he made the statement." (Footnote omitted.) *Screws v. State.*[1] See *Mullis v. State*[2] ("the mere fact that the appellant may have been intoxicated at the time of making the statement does not necessarily render it inadmissible"). "Unless clearly erroneous, a trial court's findings relating to the admissibility of an incriminating statement will be upheld on appeal." *Carter v. State.*[3] The trial court should review "[t]he totality of circumstances that precedes the statement . . . in determining voluntariness." *Powell v. State.*[4]

Despite evidence of intoxication, police testimony that the defendant was in control of himself and knew what he was saying, or that he understood his rights and knew what was going on, will sustain a trial court's finding that the statement was voluntary. *Willis v. State*;[5] *Cunningham v. State*;[6] *Screws*, supra at 665 (1). Evidence that a defendant was coherent supports admissibility. See *Horton v. State*;[7] *Mickens v. State.*[8] Testimony that the defendant, though smelling of alcohol, did not exhibit signs of intoxication such as slurred speech, glassy eyes, or unsteadiness may also sustain a finding of voluntariness. See *Mullinax v. State*;[9] *Strickland v. State*;[10]

---

[1] *Screws v. State*, 245 Ga. App. 664, 665 (1) (538 SE2d 547) (2000).

[2] *Mullis v. State*, 248 Ga. 338, 340-341 (9) (282 SE2d 334) (1981).

[3] *Carter v. State*, 257 Ga. 510, 513 (3) (361 SE2d 175) (1987).

[4] *Powell v. State*, 201 Ga. App. 188, 189 (3) (410 SE2d 378) (1991).

[5] *Willis v. State*, 263 Ga. 597, 599 (2) (436 SE2d 204) (1993).

[6] *Cunningham v. State*, 255 Ga. 727, 729 (2) (342 SE2d 299) (1986).

[7] *Horton v. State*, 258 Ga. 489, 490 (3) (371 SE2d 384) (1988).

[8] *Mickens v. State*, 177 Ga. App. 838, 839 (341 SE2d 316) (1986).

[9] *Mullinax v. State*, 255 Ga. 442, 444 (2) (339 SE2d 704) (1986).

[10] *Strickland v. State*, 250 Ga. 624, 626 (2) (300 SE2d 156) (1983).

*Hemidi v. State.*[11]

Here, police testimony established all of this and more. Moreover, we have reviewed the audiotape of the statement and agree that Forehand was very coherent, alert, responsive, and detailed in his statements. Combined with the evidence showing that no promises or threats were made, and that Forehand understood and waived his rights, the totality of the evidence amply supported the trial court's findings that Forehand voluntarily and intelligently waived his rights.

Forehand, however, would have us overrule the above-cited authorities and hold that whenever a defendant's blood alcohol level exceeds 0.08, a trial court is required as a matter of law to find that a statement by the defendant was involuntary, regardless of the countervailing evidence. Beyond the fact that this would go against the long-established axiom of deferring to the trier of fact on such factual matters, and would further require that we overrule Supreme Court precedent (which we are powerless to do), we note that at least four prior cases have involved blood alcohol levels far exceeding Forehand's 0.093 level and have nevertheless held that the trial court was authorized to admit the defendant's statement where some evidence showed the defendant was acting voluntarily. See *Willis*, supra at 599 (2) (0.19 blood alcohol level); *Carter*, supra at 513 (3) (same); *Cunningham*, supra at 729 (2) (0.30 blood alcohol level); *Mickens*, supra at 838 (0.26 blood alcohol level). We hold similarly here and conclude that the trial court did not clearly err in admitting the statement.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 22, 2005.

*James E. Millsaps*, for appellant.
*W. Kendall Wynne, District Attorney, Layla V. Hinton, Assistant District Attorney*, for appellee.

---

[11] *Hemidi v. State*, 245 Ga. App. 417, 420 (4) (537 SE2d 804) (2000).