A05A1771. SHELTON v. THE STATE.
(624 SE2d 262)

MILLER, Judge.

Following a jury trial, Tammy Martin Shelton was convicted of theft by receiving. On appeal she contends that the evidence was insufficient to support the conviction and that the trial court erroneously admitted irrelevant character evidence. We discern no reversible error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Shelton and her husband moved in with her husband's father and stepmother for a few weeks in May 2002. The husband's parents moved to a new address, and Shelton's mother-in-law discovered that a $3,000 ring was missing from her jewelry box. Shelton admitted to her sister-in-law that she had helped her husband steal the ring while they had been living with her mother-in-law and that they had sold it to a jewelry exchange shop.

Despite this admission to her sister-in-law, Shelton claimed under questioning by her mother-in-law that her husband had sold the ring and that she had nothing to do with its disappearance. The police then obtained a pawn ticket with Shelton's name on it from the jewelry shop where Shelton had earlier admitted that her mother-in-law's ring had been pawned. When they questioned Shelton about the pawn ticket, Shelton claimed that she had pawned a ring that her husband had given her as a Christmas gift, but that the ring she pawned was not her mother-in-law's ring. On the contrary, the owner

of the jewelry shop where the ring was pawned testified that Shelton had pawned a ring at his store that appeared to be the mother-in-law's missing ring.

The parties stipulated to the admission of the results of a polygraph test taken by Shelton. The test revealed that Shelton was being deceptive when she denied stealing her mother-in-law's ring or participating in the theft of the ring. Shelton was convicted of theft by receiving, and she now appeals.

1. Shelton argues that the evidence was insufficient to sustain her conviction. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, Shelton admitted to participating in the theft of her mother-in-law's ring and was seen pawning the ring. She stipulated to the admission of polygraph examination results showing deception in her responses to direct questions about her involvement in the theft. The jury was free to disbelieve Shelton's story at trial that she had nothing to do with the theft of the ring and had merely pawned a ring that her husband had given her as a gift. The evidence sufficed to sustain Shelton's conviction for theft by receiving. OCGA § 16-8-7 (a).

2. Shelton argues that the trial court committed reversible error by admitting irrelevant character evidence at trial. She contends that the admission of the arresting officer's testimony regarding Shelton's child walking around outside of Shelton's house naked and covered in feces at the time of Shelton's arrest, and the officer calling the Department of Family and Children Services (DFCS) as a result, constitutes harmful error. We disagree.

"It is well settled that all circumstances connected with the accused's arrest are admissible, even though they incidentally put his character in issue." (Citations omitted.) *Reynolds v. State*, 234 Ga. App. 884, 886 (2) (508 SE2d 674) (1998). Even where the evidence involves other crimes for which the defendant has not been charged, such evidence may be admissible where relevant to the circumstances surrounding the arrest. See *Jefferies v. State*, 267 Ga. App. 694, 697-698 (2) (600 SE2d 753) (2004), citing *State v. Luke*, 232 Ga. 815, 816 (209 SE2d 165) (1974). In this case, however, we need not address whether the trial court properly admitted the officer's testimony concerning Shelton's child and the call to DFCS at the time of

Shelton's arrest, because "[e]ven assuming the admission of the arresting officer's testimony was error . . . the error was harmless given the overwhelming evidence of [Shelton's] guilt and the fact that such evidence did not establish the commission of another crime." (Citation omitted.) *Wilson v. State*, 274 Ga. 637, 639 (5) (555 SE2d 725) (2001). The record reveals that the evidence heard by the jury here with respect to the child and the call to DFCS had no bearing on the jury's determination of Shelton's guilt or innocence.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 6, 2005.

*Michael A. Corbin*, for appellant.

*Kermit N. McManus, District Attorney, Mark P. Higgins, Jr., Assistant District Attorney*, for appellee.