## A09A1349. WALKER v. THE STATE.
### (684 SE2d 293)

BERNES, Judge.

Following a jury trial, John David Walker appeals his conviction for possession of cocaine in violation of OCGA § 16-13-30 (a). He contends that the trial court erred in conducting a motion to suppress hearing in his absence and in admitting evidence of his custodial statement to police. We discern no error and affirm.

Viewed in the light most favorable to the verdict,[1] the trial evidence shows that after receiving numerous complaints about drug activity occurring at Walker's residence, an Athens-Clarke County Police detective launched an investigation. After conducting surveillance at the residence, the detective sought and obtained a warrant authorizing the search of Walker's person, premises, and residence. The detective and his fellow officers went to the residence to execute the search warrant. Upon their arrival, they encountered Walker and approximately 20 to 25 other people standing in the front yard. After securing the scene, the detective searched Walker, and retrieved a

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

clear plastic bag containing a rock-like substance from his pocket. The substance was field tested and was positively identified as crack cocaine.

Walker was arrested. After being informed of the *Miranda*[2] warnings, Walker agreed to participate in a police interview. In his statement recorded by audiotape, Walker admitted that he had been using crack cocaine for approximately eight months. Walker also testified at trial and admitted to his drug use.

Following his jury trial and conviction, Walker filed a motion for new trial. The trial court denied the motion, from which Walker appeals.

1. Walker first argues that the trial court erred in conducting a motion to suppress hearing in his absence. At the beginning of the motion hearing, Walker's trial counsel made the following announcement to the trial court:

> Your Honor, Mr. Walker called today and said that he had just gotten out of the hospital this morning and *he asked if I could waive his presence at this hearing* today because he was just physically uncomfortable and it would be difficult for him . . . to be here. But he did ask me to go ahead with it.

(Emphasis supplied.) The trial court granted the requested waiver and proceeded with the hearing in Walker's absence. Walker objected to his absence for the first time in his amended motion for new trial.

> It is well-settled in this state that a defendant has a right to be present during all stages of his or her trial and that right can only be waived by the defendant's counsel if the waiver is made in defendant's presence, or with the defendant's express authority, or if the defendant subsequently acquiesces to the waiver made by counsel.

(Citations omitted.) *McGinnis v. State*, 208 Ga. App. 354, 357 (4) (430 SE2d 618) (1993). Trial counsel's announcement on the record indicated that the waiver of Walker's presence was being made with Walker's express authority and at Walker's own request. The burden therefore was upon Walker to present contrary evidence showing that his rights were violated and that he objected to the procedure at the first opportunity. See *Harwell v. England*, 234 Ga. 640, 641 (1) (217 SE2d 154) (1975) ("The burden is [defendant's] to show the . . .

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

court that his rights were violated, and his allegations in this regard are not sufficient to show such a violation.").[3] Significantly, Walker did not testify at the motion for new trial hearing or present any other competent evidence to contradict his trial counsel's representations regarding the requested waiver. Nor did Walker present any evidence establishing when he learned of the alleged violation to show that there was no acquiescence in the waiver and that he objected at the first opportunity. See *Harwell*, 234 Ga. at 641 (1). As such, Walker has failed to meet his burden to show error by the record as to this claim. Id.[4]

2. Walker further contends the trial court erred in admitting evidence of his custodial statement made during the police interview. He argues that he was intoxicated and did not intelligently, voluntarily, and freely waive his rights.

> In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno*[5] hearing will be upheld on appeal.

(Citation and punctuation omitted.) *Hester v. State*, 287 Ga. App. 434, 437 (2) (651 SE2d 538) (2007). The trial court's decision to admit Walker's statement in this case was authorized.

At the *Jackson-Denno* hearing, the detective testified that Walker was informed of the *Miranda* warnings prior to the police interrogation and that Walker indicated he understood his rights. The detective also stated that there was no coercion, duress, or promise of leniency or reward made in exchange for Walker's waiver of his rights. Furthermore, the detective testified that Walker did not

---

[3] See also *Harris v. State*, 202 Ga. App. 618, 621-622 (6) (414 SE2d 919) (1992) ("Defendant has the burden of showing error affirmatively by the record and this burden is not discharged by [argument or] recitations in the brief.").

[4] Compare *Russell v. State*, 236 Ga. App. 645, 648-650 (2) (512 SE2d 913) (1999) (reversing defendants' convictions based upon a violation of their right to be present during a chambers conference when defendants and their trial counsel testified at the post-trial hearing that defendants had not waived or acquiesced in a waiver of their right to be present at the conference); *Parker v. State*, 220 Ga. App. 303, 312 (12) (469 SE2d 410) (1996) (where defendant and trial counsel presented testimony at the motion for new trial hearing as to the issue of defendant's waiver of his presence at the hearing); *McGinnis*, 208 Ga. App. at 356-357 (4) (where both defendants testified at the motion for new trial hearing that trial counsel had not informed them of the hearing on the motion to suppress and that they did not waive their right to be present at the hearing).

[5] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

appear to be under the influence of any drugs or alcohol during the interview — he was not stumbling, he appeared to understand the questions, and he gave clear responses. Walker never asked to end the questioning.

After listening to the audiotape of Walker's exchange with police, the trial court expressly found that Walker seemed to have been alert, to have understood the questions propounded, and had answered the questions without hesitation. And significantly, at trial, Walker's son testified that he was familiar with Walker's general demeanor and that Walker "was fine" at the time of his arrest and did not seem to be under the influence of any drugs or alcohol.[6]

Notwithstanding Walker's claim, "intoxication, standing alone, does not render a statement inadmissible. If the evidence is sufficient to establish that the defendant's statement was the product of rational intellect and free will, it may be admitted even if the defendant was intoxicated when he made the statement." (Footnotes omitted.) *Screws v. State*, 245 Ga. App. 664, 665 (1) (538 SE2d 547) (2000). See also *Shelby v. State*, 265 Ga. 118, 119 (2) (453 SE2d 21) (1995) (although defendant had a blood alcohol level of 0.24 percent, the evidence established that his custodial statement was knowingly and voluntarily given); *Strickland v. State*, 250 Ga. 624, 626 (2) (300 SE2d 156) (1983) (defendant's intoxication did not render him unable to make a voluntary statement since he did not appear to have been intoxicated); *Forehand v. State*, 271 Ga. App. 746, 747 (611 SE2d 78) (2005) (evidence that defendant was coherent and understood his rights was sufficient to sustain the trial court's finding that his statement was voluntary, notwithstanding his alleged intoxication).

The totality of the evidence in this case amply supported the trial court's findings that Walker voluntarily and knowingly waived his rights and, therefore, Walker's statement was not erroneously admitted. See *Strickland*, 250 Ga. at 626 (2); *Forehand*, 271 Ga. App. at 747.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 17, 2009.

---

[6] In reviewing the trial court's decision on a motion to suppress, "we consider all the evidence of record, including evidence introduced at trial." (Citation and punctuation omitted.) *Morgan v. State*, 285 Ga. App. 254, 255 (1) (645 SE2d 745) (2007). At trial, Walker testified that he had been drinking all day on the date of his arrest and that he did not remember or understand anything during the interrogation process because he was intoxicated. Yet, in other portions of his trial testimony, Walker was able to recount details of the events occurring immediately prior to his arrest, including the number of individuals and officers present at the scene and another conversation that he had with the officers during which he denied having knowledge of any large amount of drugs on the premises.

*Sheri L. Smith*, for appellant.

*Kenneth W. Mauldin, District Attorney, David T. Lock, Assistant District Attorney*, for appellee.